296 So.2d 841 (1974)
The STATE, In the Interest of Crystal Osha TAYLOR, et al.
No. 12316.
Court of Appeal of Louisiana, Second Circuit.
May 28, 1974.
Rehearing Denied July 1, 1974.
Writ Refused September 18, 1974.
Kidd, Katz & Halpin by Stephen J. Katz, Monroe, for appellant Estelle Dolphin.
Norris, Joiner & Swearingen by Charles E. Joiner, West Monroe, for appellee John Wesley Taylor.
Before AYRES, BOLIN and WILLIAMS, JJ.
WILLIAMS, Judge.
This appeal by Estelle Bell Dolphin, defendant, is from a judgment granting custody of a minor, Crystal Osha Taylor, to her father, John Wesley Taylor. They only issue on appeal is whether the court erred in making this custodial disposition.
Estelle Bell Dolphin is the maternal grandmother of Crystal, the 7 year old minor born to her daughter, Patricia Dolphin Draper, in 1966. At that time Patricia Draper was married to John Taylor from whom she was subsequently divorced. Patricia then married Arthur James Draper and two children, Deedra Denise and Dennis O'Keith were born of this union. On October 9, 1973 Patricia was shot and killed by her second husband, who later plead guilty to manslaughter and received a 15 year penitentiary sentence. Because their mother was now deceased and Draper imprisoned, the three children, Crystal Osha Taylor, Deedra Denise Draper and Dennis O'Keith Draper, were placed in the temporary care, custody and control of Estelle Bell Dolphin. This was through a decree from the Juvenile Court of West Monroe October 17, 1973.
On November 6, 1973 John Wesley Taylor filed a motion for rehearing asking for the custody of his daughter, Crystal Osha. On trial of this motion the Juvenile Court rendered judgment in favor of John Wesley Taylor, father of Crystal Osha, granting him the care, custody and control of the minor until further orders of the court. Estelle Bell Dolphin perfected this appeal.
Estelle Bell Dolphin prefaced her arguments on the legal principle that the best interest and welfare of the child is the *842 paramount question in determining to whom custody of the child should be granted. Jackson v. Jackson, 217 So.2d 223 (La.App., 2d Cir. 1968) and In Re Cole, 265 So.2d 835 (La.App., 3d Cir. 1972). She then proceeded to establish the following alleged facts: John Wesley Taylor, 29, has already been married three times and his present wife and 3 children reside in only a two bedroom home. He lived with his present wife before marrying her. For conflicting reasons John Wesley Taylor failed to support Crystal Osha after his divorce from her mother. In addition, John Wesley has visited his child only once since 1969 and then only for two hours. The only time John Wesley ever had physical custody of Crystal Osha she suffered from diaper rash and low hemoglobin.
Assuming, arguendo, these facts were proven by a preponderance of the evidence, this court is of the opinion the Supreme Court case of Wood v. Beard, 290 So.2d 675 (La.1974) is definitive of this situation:
"It is in the best interest of the child of tender years to grant custody to the mother unless the mother is unfit or otherwise unsuitable. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971) and cases there cited. In the application of this rule it is not appropriate for the court to compare the mother's home with another when the mother and her home are acceptable, and then award the custody to the contestant who can provide greater advantages for the child. State ex rel. Rothrock v. Webber, 245 La. 901, 161 So.2d 759 (1964); State ex rel. Perdue v. Carkuff, 182 La. 920, 162 So. 729 (1935). The best interest of the minor is not served by denying parental custody after deciding which of two qualified, competing family groups can deliver a quality of child custody more pleasing to the court. A judicial comparison of qualified competitors for custody of a child does violence to the rule of `parental right.' (See Blow v. Lottman, 75 S. D. 127, 131, 59 N.W.2d 825 (1953):
`If the mother is a fit parent she cannot be denied custody of her children even though the grandmother is better qualified to rear them.').
"When the parent competes with non-parents of the child, the parent's right to custody is superior, unless the parent is unable or unfit, having forfeited parental rights. State ex rel. Martin v. Garza, 217 La. 532, 46 So.2d 760 (1950); State ex rel. Simpson v. Salter, 211 La. 918, 31 So.2d 163 (1947); State ex rel. Martin v. Talbot, 161 La. 192, 108 So. 411 (1926); Ex parte Lincoln, 128 La. 278, 54 So. 818 (1911). See also State ex rel. Lombardo v. Miller, 232 La. 617, 94 So.2d 888 (1957). . . ." [290 So. 2d 675, 677]
In Wood, supra, the mother was even convicted for assault.
This court finds the evidence adduced does not support a conclusion that custody in John Wesley Taylor, father of Crystal Osha Taylor, is inimical to the welfare of the child.
The judgment of the trial court is affirmed and all costs cast on appellant.