368 So.2d 1188 (1979)
Jeannie Elizabeth TOLAR, Plaintiff-Appellant,
v.
William Raymond CUNNINGHAM and Patricia Ann Carroll Cunningham, Defendants-Appellees.
No. 6892.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
*1189 Rozas, Manuel, Fontenot & McGee, A. Bruce Rozas, Mamou, for plaintiff-appellant.
Mansour, Davis & Saybe, Alfred A. Mansour, Alexandria, for defendants-appellees.
Before WATSON, SWIFT and STOKER, JJ.
STOKER, Judge.
This is a habeas corpus action brought by the mother of an illegitimate child attempting to regain custody of the child from her uncle and aunt. The issue posed by this case is what are the appropriate and proper tests to be applied in determining the right to custody of a minor child in a dispute between a parent and a non-parent of the child.
On February 24, 1978, plaintiff, Jeannie Elizabeth Tolar, gave birth to a baby girl named Becky Elizabeth Tolar. On the day after Becky's birth, Jeannie Tolar signed an act of surrender which purported to give custody of Becky to her uncle and aunt, William R. and Patricia A. Cunningham. On May 11, 1978, the Cunninghams filed a petition for adoption which Jeannie Tolar opposed. Pursuant to a motion for summary judgment in the adoption suit, Miss Tolar filed an affidavit in which she formally revoked her act of surrender and the consent which she had given to the adoption of her illegitimate child. On the basis of this affidavit and her opposition to the adoption, the court granted Miss Tolar's motion and dismissed the Cunningham's adoption proceeding. Subsequent to the dismissal of the adoption suit, Miss Tolar brought the present habeas corpus suit on June 15, 1978.
*1190 At the close of trial of this matter, the trial judge gave oral reasons recalling the writ of habeas corpus and maintained custody of Becky in the Cunninghams.
The testimony adduced in this case reflects that at the time Jeannie Tolar learned that she was pregnant, she was living with her mother and step-father, Mr. and Mrs. Wendell Manuel. Jeannie continued to reside with her mother without informing her that she was pregnant. Her mother eventually learned of the pregnancy from Mrs. Minnie Ruth Richard, Jeannie's aunt, when Jeannie was in her fourth or fifth month of pregnancy. When Jeannie's mother learned that Jeannie was pregnant, she was very upset.
Shortly after Mr. and Mrs. Manuel learned of the pregnancy, Jeannie went to stay with the Cunninghams. During this period of time, Jeannie discussed with the defendants the possibility of giving up the baby and allowing them to keep it. Although there is some conflict in the testimony on this point, it appears that the Cunninghams never encouraged Jeannie to give up the baby, while she was living with them.
After Jeannie was released from the hospital, she then moved in with another aunt, Ruth Richard, in Eunice, Louisiana. While residing with Mrs. Richard, she visited Becky at the Cunninghams about three or four times. However, it was not until approximately three or four months after Becky was born that Jeannie Tolar demanded custody of her. When the Cunninghams refused to surrender custody of Becky, Jeannie instituted the present habeas corpus action.
As noted earlier, the trial judge denied plaintiff's writ and gave oral reasons therefore which read as follows:
As counsel for the plaintiff mentioned, this is not a battle between this mother and the uncle and aunt here. I'm interested in that child and I hope this decision I make is for the best interest of that child. I'm worried about this child going from a field of certainty now to a field of uncertainty. There are too many ifs. If this young lady had her own home, was making a good living, everything being equal, I would order the child be given to the mother, but it's a field of uncertainty now. I'm going to deny the writ, and let it remain with the Cunninghams. That's the order of the court.
Plaintiff-appellant asserts that the trial judge erred by applying a "best interests" of the child test in determining to whom custody of Becky Elizabeth Tolar would be granted. Since this is a contest between a parent and non-parents, plaintiff argues that defendants should have been required to prove her to be unfit as a mother before being entitled to the custody of Becky Tolar. In support of her argument, plaintiff relies principally upon the case of Wood v. Beard, 290 So.2d 675 (La.1974). Wood involved a habeas corpus action brought by the mother against the maternal grandparents seeking custody of her infant child. The Supreme Court granted the writ and ordered custody be given to the mother of the child. In so holding, the court reasoned that when parents compete with non-parents for custody of a child, "the parent's right to custody is superior, unless the parent is unable or unfit, having forfeited parental rights." The court further held that the non-parent had the heavy burden of showing the disqualification and unfitness of the parent. Hence, it can be seen that, without lessening the effect and force of the "best interests of the child" test in a custody contest between a parent and non-parents, the Supreme Court recognizes a rebuttable presumption that the child's best interests are better served by awarding custody to the parent.
Defendants on the other hand rely primarily on the case of Cawthorne v. Williams, 313 So.2d 915 (La.App. 2nd Cir. 1975) in arguing that the District Court's decision should be affirmed. In Cawthorne, the court held that when a mother competes with non-parents for custody of her child, her right to custody is superior unless it is proven that she is unable to provide a home for the child, is unfit for custody or has abandoned the child. The court then found *1191 that the mother was unable to provide a home for the child and awarded custody to the non-parents. Citing Cawthorne, defendants in the present case argue that Jeannie Tolar has abandoned and is unable to provide a home for Becky Tolar. Therefore, defendants assert that custody of Becky should remain with them.
A parent has a paramount right to custody of his or her children. Wood v. Beard, supra; In Re State in Interest of Thomam, 253 La. 496, 218 So.2d 571 (1969). From this parental right, the above mentioned presumption in favor of a parent in a custody contest with a non-parent arises. As noted earlier, this presumption in favor of the parent can be overcome only if the non-parent shows that the parent is unable to provide a home for the child, is unfit for custody or has abandoned the child. Wood v. Beard, supra.
Applying the above we conclude that defendants failed to rebut the presumption that the best interests of the child are better served by awarding custody to the natural mother of the child. The District Court erred in applying the "best interest" test without recognizing the presumption established in Wood.
With respect to defendant's argument that Jeannie Tolar is unable to provide a home for her child, the record establishes the following. Jeannie Tolar is currently employed at a fast food establishment named "Mr. Burger". From this job, Mrs. Tolar earns approximately $55.00 per week. Mrs. Manuel, Jeannie's mother, testified that she and her husband were willing to allow Jeannie and Becky to live in their home and would provide monetary assistance to help support the child. It was shown that the Manuels are well established financially and would be able to assist in such a manner. However, defendants cite the fact that Jeannie left her mother and step-father's home once her mother learned of her pregnancy. It is urged that she was made to feel unwelcome by her mother and step-father. Defendants argue that this shows that the Manuels cannot be depended on to provide the promised assistance and that Jeannie could not provide a home for the child without this assistance.
While it is true that Jeannie Tolar might be unable to provide a home for her child without assistance from her mother and step-father, we must accept Mrs. Manuel's testimony and affirmation that she and her husband would provide the needed assistance. The fact that Jeannie felt compelled to leave her mother's home when her mother learned of the pregnancy is not as persuasive as the direct testimony of Mrs. Manuel that she and her husband would help support Jeannie and her child. In any event, the defendants failed, in our opinion, to present sufficient evidence to overcome the presumption in favor of Jeannie Tolar.
With respect to the alleged abandonment of the child by Jeannie, it must be noted that Jeannie did sign an act of surrender and a consent to the adoption by the Cunninghams on the day after her child was born. However, in the case of State v. Webber, 245 La. 901, 161 So.2d 759 (1964), the Louisiana Supreme Court awarded custody to the natural parents of a child, notwithstanding the fact that they executed an act of surrender similar to one in the present case. In this regard the court in Webber stated at 161 So.2d 766 the following:
Nowhere in the brief of respondents (or in the opinion of the Court of Appeal) are there any circumstances pointed to (other than the fact that the parents voluntarily executed a notarial act of surrender) which would evidence that the welfare of the child would now be best served by depriving the natural parents of their right to custody. On the other hand, we find from our study of the record that under the facts of this case her interest would best be served by our ordering that the child be returned to them. They are persons of good moral character and have, in the past, bent every effort to rearing properly and well their other children. We are convinced that they are aware of the mistake they made in surrendering her in the first place; they are *1192 truly remorseful for their act in so doing; and they are desirous of regaining her custody and of making amends by affording the child their love and affection, together with the companionship of her brothers and sisters.
In this case, Jeannie Tolar made a decision to give up her child because at the time she felt it was the proper thing to do. She was very confused and did not know whether she would be able to support the child. Jeannie felt that her mother and step-father had not shown any willingness to lend support or assistance. However, Jeannie testified that she at all times loved the child. Hence, when she did receive assurances from the Manuels that they would provide her and her child, Becky, with a place to live and with monetary support, she decided that she wanted the custody of Becky. Under the circumstances, this court is unwilling to say that Jeannie Tolar abandoned and thus forfeited her parental right to the custody of the child.
While the record perhaps justifies the trial court's apprehension over the return of Becky to her mother at this time, we do not regard the evidence as justifying any other course. While the record is strongly suggestive of a capricious attitude on the part of Mrs. Manuel and Jeannie Tolar, both acted in the past under stressful and emotional stimuli. We are required by law to make a presumption of the best of intentions on their part with respect to the "best interests" of Becky. No lack of moral fitness on the part of Jeannie has been shown. When questioned on this matter, the witnesses could only point to the fact that Jeannie had conceived her child out of wedlock. She has not been shown to be unstable. Therefore, since the evidence establishes that Becky will be provided for physically and her mother has not been shown to be morally unfit or unstable, Becky must be returned to her natural mother. The uncertainty which concerned the trial judge is not established by the record with the required legal sufficiency.
It has also been suggested that Jeannie's request for the return of Becky is not motivated by true love for the child or interest in her welfare. It is suggested, on the other hand, that the true motivation is the promise of an automobile and a mobile home to be given to Jeannie by her parents if Becky is returned to her. Evidence of such a highly subjective factor has not been shown by a preponderance of evidence. Moreover, we doubt that the legal precepts we must follow in this context can be overridden by such things as suspect (and only suspect) motives and interfamily ill feeling or spiteful action. Furthermore, our holding here is not meant to imply that, as between the Cunninghams and Jeannie Tolar, the latter will provide the best home and best parental relationship. However, the law provides that we are not to pitch a custody decision on our personal judgment involving such grounds. Wood v. Beard, supra.
Therefore, finding that the defendants failed to prove Jeannie Elizabeth Tolar's unfitness as a mother in any respect, the judgment of the District Court is reversed and it is ordered that the child, Becky Elizabeth Tolar, is to be placed in the custody of the plaintiff. All costs are to be borne by defendants-appellees.
REVERSED AND RENDERED.