378 So.2d 586 (1979)
Carl PAUL, Plaintiff-Appellant,
v.
Mrs. Sam (Addie) CLOUD, Defendant-Appellee.
No. 7311.
Court of Appeal of Louisiana, Third Circuit.
December 19, 1979.
Writ Refused February 15, 1980.
*587 Gravel, Roy & Burnes, Dan Melichar, Alexandria, for plaintiff-appellant.
Eugene P. Cicardo, Alexandria, for defendant-appellee.
Before DOMENGEAUX, FORET and SWIFT, JJ.
SWIFT, Judge.
In this habeas corpus proceeding, Carl Paul, plaintiff-appellant, appeals the decision of the trial court granting custody of his son, Jason, to Dr. Walter Cloud, the boy's maternal uncle. We affirm.
Carl Paul and Wanda Cloud were married in 1967. Shortly before their son, Jason, was born on July 26, 1967, they separated. Mrs. Paul obtained a divorce in 1968, and was awarded custody of the minor child and $25.00 per month for his support.
Wanda Paul subsequently remarried, retaining custody of her son until her death on April 20, 1979. At the time of her death she was separated from her second husband, living in Oakdale in the home of her mother, Mrs. Addie Cloud. Jason continued to live with his grandmother after his mother's death.
Following the death of Wanda Paul, her succession was opened and her will was admitted to probate. In that will, dated March 15, 1979, she appointed Dr. Walter Cloud, her brother, as tutor of her children. One was the issue of her second marriage.
Mr. Paul subsequently filed a petition for a writ of habeas corpus, alleging he is entitled to custody as the father of the child. Mrs. Addie Cloud answered, averring that it would be in the child's best interests to reside with his uncle, Dr. Cloud. The latter intervened seeking custody.
The testimony disclosed that until the school year ended a few days before the trial, Jason resided with his grandmother and attended a public school in Allen Parish. However, he spent each weekend with Dr. Cloud and his wife at their residence in Alexandria. When the school year was over in May, Jason moved into Dr. Cloud's home permanently. All of the Clouds were pleased with this arrangement and Jason indicated he preferred to live with his uncle than with his father, at least until they got better acquainted.
Following a hearing the trial judge concluded that it would be in the best interests of the child to award his custody to Dr. Cloud, subject to the father's right of reasonable visitation. The sole issue on this appeal is whether he acted properly.
It is clear that Wanda Paul had the legal right to appoint a tutor for her son, Jason. LSA-C.C. Articles 257 and 258.
Although LSA-C.C.P. Article 4261 states in pertinent part that "The tutor shall have custody of and shall care for the person of the minor ...", it is well settled that custody of a minor is never granted permanently in the sense that once awarded it is nonreviewable and never again subject to judicial scrutiny or revision. State v. Bannister, 198 So.2d 196 (La.App. 1 Cir. 1967).
The established rule is that in determining the custody of a child the right of the legal parent to the custody is preferred to that of a nonparent. Wood v. Beard, 290 So.2d 675 (La.1974). This preferred right, however, must yield to the superior right of the state to deprive the parent of the care and custody of the child in the event the physical, mental, and moral welfare of the *588 child requires it. In Re Cole, 265 So.2d 835, 838 (La.App. 3 Cir. 1972). Therefore, the paramount consideration in a child custody case is the child's best interests and welfare.
The evidence reveals that aside from two or three visits when Jason was an infant and one visit just prior to Wanda Paul's death, Mr. Paul has never in eleven years indicated any particular interest in his son. Further, appellant admitted he has never contributed to Jason's support. He testified that he was told by the boy's mother to stay away from them and was unaware of the provision for support in the divorce judgment. However, these circumstances are certainly not consistent with his professed concern for Jason's welfare.
While we are unwilling to say that Mr. Paul has abandoned Jason or that he has forfeited the preferential right to custody which the law accords a parent, we do believe that at this time Jason and his father are virtual strangers to each other.
The trial judge has expressed his view that it was in the best interests of the boy to allow him to remain with his uncle, at least until the father and son became better acquainted. Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of a child from his total overview of the conduct and character of the parties. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (La.1971); In Re Cole, supra; Girouard v. Halpin, 368 So.2d 1139 (La.App. 3 Cir. 1979).
From our own review of the evidence in the record, we are convinced that the trial judge did not abuse his discretion in awarding the child's custody to Dr. Walter Cloud. However, as we have noted, the judgment is not forever conclusive and may be set aside when and if the existing conditions change to the extent that the best interests of Jason Paul will be better served by awarding custody to his father.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.
DOMENGEAUX, J., concurs in the results and assigns reasons.
DOMENGEAUX, Judge, concurring.
I agree with the result of the principal opinion which affirms the trial court's award of custody to Doctor Cloud. I would go further, however. The father exhibited no interest in his son for some eleven years, never even tried to see him, and contributed not one copper cent for his support. This conduct is tantamount to an abandonment. It is my opinion that he has forfeited any preferential rights to custody which the law accords a parent.