CULPEPPER, Judge.
Caroline Virginia Campbell, the natural mother of Ricky Paul Campbell, originally filed this habeas corpus action to regain custody of her child from defendants, to whom she had given the child for adoption. The mother was later joined in her suit by her sister, Elizabeth Tatem, wife of Henry Tatem, who sought custody in the alternative should legal custody not be awarded to the natural mother. The district judge awarded custody to the Tatems. Defendants appeal.
The issue is whether the district judge abused his discretion in awarding custody to plaintiff’s sister and her husband, Mr. and Mrs. Tatem, instead of to defendants.
The facts show that on September 10, 1978, Caroline Virginia Campbell gave birth to a son named Ricky Paul Campbell. The name of the father is unknown. Five weeks after his birth, the child was placed in the care of the Edward Prejean family, defendants herein. On October 24, 1978, Ms. Campbell executed an affidavit authorizing the adoption of her child by the Pre-jeans. The child remained with the Prejean family for approximately IV2 years. Plaintiff then withdrew her consent to the adoption and filed the present action.
At the hearing on the writ, counsel for both parties stipulated that the matter be submitted on the record with the further agreement that the court order a welfare department investigation from the State of South Carolina on the family of Mr. and Mrs. Henry Tatem, who live in Greenville County, South Carolina. Pursuant to the order, a home study was conducted by the South Carolina Department of Social Services. That agency submitted a report that both Mr. and Mrs. Tatem are gainfully employed and financially capable of caring for Ricky. The Tatems reside in a clean, well furnished home and have three children. The study concluded that the Tatem household is a suitable environment for the placement of the child. On the basis of this report and the record, the trial judge awarded custody to the Tatems.
In a custody contest between a parent and a non-parent, the parent’s right to custody is superior unless the parent is unable or unfit to care for the child or has abandoned the child. Wood v. Beard, 290 So.2d 675 (La.1975); Tolar v. Cunningham, 368 So.2d 1188 (La.App. 3rd Cir. 1979). However, in the present case the mother has not appealed to seek custody for herself. It is apparent she desires that her sister have custody. We are aware of no authority, nor have counsel cited any, which gives a preference to a collateral relative over a non-relative. The proper basis for determination of custody in this situation is simply the best interest of the child. This is now the basic test even in custody disputes between parents. Bordelon v. Bordelon, 390 So.2d 1325 (La.1980).
Appellants argue defendants failed to meet the following stated burden of proof enunciated by the Supreme Court in Fulco v. Fulco, 259 La. 112, 254 So.2d 603 (La.1971):
“When the trial court has made a considered decree of permanent custody in the light of the above principles, even though such custody is subject to modification at any time when a change of conditions demands it, the party seeking the change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed.” (citations omitted)
In the recent case of Bordelon v. Bordelon, supra, our Supreme Court held the 1977 amendment to LSA-C.C. Article 157 overrules the above rule from Fulco as an inflexible requirement, although stability of environment is still one of the factors to be considered in determining the best interest of the child. Moreover, in the present case, appellants had only the temporary, physical custody of the child under a private agreement with the mother. There had been no judicial determination as to the suitability of the Prejean family to care for the child. Clearly, appellees were not bound to show that the continuation of *749 custody with the Prejeans was so deleterious as to require a change of custody.
The applicable rule of appellate review is stated in Estes v. Estes, 261 La. 20, 258 So.2d 857 (La.1972):
“Further, an appellate court must give great weight to the trial court’s considered determination of custody. If the trial court decides which parent should best have custody for the children’s sake after it has applied correct principles of law, a reviewing court should disturb such custody determination only where there is a clear abuse of the trial court’s discretion in the matter, even though reasonable minds might differ as to the children’s best interest under the variant circumstances suggested by a particular record.”
See also the recent case of Cleeton v. Cleeton, 383 So.2d 1231, (La.1980).
Under this rule of appellate review, we do not find the trial judge clearly abused his discretion. Counsel for both parties stipulated at the hearing on the writ of habeas corpus that the matter be submitted on the record and on an investigation to be made by the Department of Social Services of South Carolina as to the home of Mr. and Mrs. Henry Tatem in Greenville County. The trial judge received the report dated November 28, 1979. It shows the Tatems live in a three bedroom, farm style house in a rural area. The house is clean and well furnished. The Tatems are buying their home and eight acres of land. They own a pony for the children. The Tatems have three children in their home, ages 3 through 11, and, of course, these children are the first cousins of Ricky. Mrs. Tatem has a high school education and is employed at a wage of about $450 a month. Mr. Tatem completed three years of college and is employed by Montgomery Ward Company at a monthly salary of $1125, not including commissions. The report also states the Tatems attend the Episcopal Church and enjoy participating in outdoor activities with the children. In summary, the report states the home of the Tatems appears to be suitable for the placement of Ricky and that the Tatems will be delighted to raise Ricky in their home with his first cousins.
The record before us shows that Ricky has been in the home of the Tatems since April 27, 1980. A follow-up report by the South Carolina Department of Social Services of date May 8, 1980, states that Ricky appears to be well adjusted and warmly received by the Tatem family. This followup report expresses the opinion Ricky is happy and gets lots of love and attention and should remain with the Tatems.
In oral argument before our Court, counsel for the Prejeans, who was not the same as counsel who represented them at the hearing on the writ and entered into the stipulation, argues that the trial judge should also have obtained a report on the Prejean home, or should have taken evidence as to the environment in their home. As stated above, all parties were represented by counsel at the hearing on the writ of habeas corpus, and counsel for the Prejeans entered into the stipulation stated above. Clearly, this constituted a waiver of any right of the Prejeans to secure reports on their home or introduce further evidence.
In oral argument, counsel for the Preje-ans also stated that at the very least the case should be remanded to give the Preje-ans an opportunity to introduce evidence. Under all of the circumstances, including the follow-up report, we conclude this is not a proper case to exercise our discretion to remand the case for further evidence.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants-appellants.
AFFIRMED.