DOUCET, Judge.
This is an appeal from a judgment rendered by the district court in a tutorship proceeding. The relevant facts and reasons for the judgment were succinctly stated by the trial judge as follows:
“Thus far, these proceedings involve a lively dispute between relatives of three minor children as to who will be appointed tutor (tutrix). Walter L. Stanfield and Patsy Knight Stanfield were killed in an automobile accident which occurred on or about April 2, 1980. They had two children, Tammy Renee Stanfield, age 6, and Amanda Michel Stanfield, age 5. Another child, Dorothy Joann Stanfield, age 10, was the child of Patsy Stanfield and her previous husband, Orville Majer-us. Patsy Stanfield had been divorced from Majerus in May, 1971, and the following month she married Walter. When Dorothy Joann was two years old her name was changed from Majerus to Stan-field by judgment of the Ninth Judicial District Court dated August 10, 1971.
“The two contestants for tutorship are Patricia Stanfield Poche, surviving sister of Walter Stanfield, and Adrion Knight, surviving brother of Patsy Stanfield. The children have always been close to their aunt, Patricia Poche, who lived across the street from Walter and Patsy Stanfield. Adrion Knight in Ohio and has had little or no contact with the Stan-field children since they were born. Both are willing, able and qualified to care for the children. The spouses of each of them expressed their willingness for the children to live in their homes.
“I feel that the children should be raised in their accustomed environment with relatives whom they know and with whom they have been associated since their earliest remembrances. Whether or not Dorothy Joann was adopted by Walter Stanfield has not been proved, however, she probably was not. Nevertheless, her father, Orville Frank Majerus, has not asked to be qualified as tutor. Since he is living Civil Code Article 263 does not give Mr. Knight priority for appointment as tutor of Dorothy Joann. I have determined that it will be in the best interest of the other two children to remain with Patricia Poche. I feel that to separate them from their sister, Dorothy Joann, would be detrimental to them as well as their sister. Accordingly, the best interest of all three children will be served by the appointment of Patricia Poche as their tutrix.”
Adrion Knight, a resident of the State of Ohio, has appealed the judgment appointing Patricia Poche tutrix of the three children.
The issues on appeal are: (1) whether the trial court erred in failing to find that appellant had a superior right to be appointed tutor of Dorothy Joann Stanfield, and (2) whether the trial court erred in finding that the appointment of appellee, Patricia Poche, was in the best interest of the three children involved in this controversy.
*524 Tutorship proceedings in this state are governed in part by the following provisions:
LSA-C. C. P. Art. 10(A)(4):
A. A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
(4) A tutorship or curatorship proceeding if the minor, interdict, or absentee, as the case may be, is domiciled in this state or has property herein;”
LSA-C. C. Art. 250:
“Upon the death of either parent, the tutorship of minor children belongs of right to the other. Upon divorce or judicial separation from bed and board of parents, the tutorship of each minor child belongs of right to the parent under whose care he or she has been placed or to whose care he or she has been entrusted.”
LSA-C. C. Art. 257:
“The right of appointing a tutor, whether a relation or a stranger, belongs exclusively to the father or mother dying last.
“The right of appointing a tutor, whether a relation or a stranger, also belongs to a parent who has been named the curator for the other living spouse, when that other living spouse has been interdicted, subject only to the right of the interdicted parent to claim the tutorship should his incapacity be removed by a judgment of a court of competent jurisdiction.
“This is called tutorship by will, be-cáuse generally it is given by testament; but it may likewise be given by any declaration of the surviving father or mother, or the parent who is the curator of the other spouse, executed before a notary and two witnesses.”
LSA-C. C. Art. 258:
“If the parents are divorced or judicially separated, only the one to whom the court has entrusted the care and custody of the children has a right to appoint a tutor for them as provided in the preceding article.”
LSA-C. C. Art. 263:
“When a tutor has not been appointed to the minor by father or mother dying last, or if the curator thus appointed has not been confirmed or has been excused, then the judge shall appoint to the tutorship, from among the qualified ascendants in the direct line, collaterals by blood within the third degree and the surviving spouse of the minor’s mother or father dying last, the person whose appointment is in the interests of the minor.”
LSA-C. C. Art. 270:
“When a minor is an orphan, and has no tutor appointed by his father or mother, nor any relations who may claim the tutorship by effect of law, or when the tutor appointed in some of the modes above expressed is liable to be excluded or disqualified, or is excused legally, the judge shall appoint a tutor to the minor.”
Appellant contends that the trial judge erred in finding that he did not have a superior right to be appointed Dorothy Joann’s tutor because her father, Orville Frank Majerus, is still living. He argues that because Patsy Stanfield, as the custodial parent, had the exclusive right to appoint a tutor by will, the child’s father does not have the right to be appointed her natural tutrix and is relegated to the position of an ascendent under LSA-C. C. Art. 263. We cannot agree with that construction of the above provisions.
It is true that under LSA-C. C. Arts. 257 and 258 Patsy Stanfield had the legal right to appoint a tutor for the child other than the child’s father. Paul v. Cloud, 378 So.2d 586 (La.App. 3rd Cir. 1979), writ refused 380 So.2d 101 (La.1980). However, we do not believe that the rule set out by the legislature in those articles can properly be extended to deprive an out-of-custody parent of the tutorship of his or her child in cases like this one where the custodial parent has not exercised the right to appoint a tutor by will.
The well established rule is that a parent’s right to the custody of his or her *525 child is superior to a non-parent’s. This preferred right is primed only by the state’s superior right to deprive a parent of the custody child when the physical, mental and moral welfare of the child requires it. Wood v. Beard, 290 So.2d 675 (La.1974); Paul v. Cloud, supra. In view of those principles, we believe that LSA-C. C. Arts. 257 and 258 must be strictly construed.
We conclude that upon Patsy Stan-field’s death, Orville Majerus was called to the natural tutorship of his daughter, Dorothy Joann. Since Patsy Stanfield did not exercise her right to appoint a tutor by will, LSA — C. C. Arts. 257 and 258 are not applicable. LSA-C. C. Arts. 263 and 270, which by their express terms apply to cases in which both parents have died, are likewise inapplicable. Thus, when Mr. Majerus did not come forward and qualify as natural tutor, the trial judge found himself in the position of having no governing statutory provisions to apply, although the court unquestionably had jurisdiction under LSA-C. C. P. Art 10. Under those circumstances, we believe that the trial judge’s appointment of Patricia Poche was a proper exercise of that jurisdiction under LSA-C.C.P. Art. 191.[1]
Turning to the second issue, we find no error in the trial court’s conclusion that the best interests of all three children would be served by the appointment of Patricia Poche as their tutrix. We fully agree that it would be better to maintain the children in familiar surroundings where they will be cared for by relatives with whom they have had a close and long-standing relationship.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to the appellant.

AFFIRMED.

. Art. 191. Inherent judicial power
A court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law.