420 So.2d 1299 (1982)
Danny Joe LONG, Plaintiff and Defendant-in-Rule-Appellant,
v.
Frank HARRIS, et ux., Defendants and Plaintiffs-in-Rule-Appellees.
No. 82-184.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1982.
*1300 Bethard & Davis, Walter E. Derroh, Jr., Coushatta, for defendant-appellant.
Monty Doggett, Natchitoches, for plaintiffs-appellees.
Before FORET, CUTRER and STOKER, JJ.
STOKER, Judge.
This is a child custody case in which custody was awarded to the maternal grandparents rather than the natural father of a three-year-old child. We reverse.
Brandy Harris is the illegitimate child of Theresa Harris and Danny Long, plaintiff-appellant. After Theresa's death in May of 1980, Brandy continued to live with her maternal grandparents, Frank and Maudie Harris. Up until the time of litigation, it appears that although Danny paid no support for Brandy, he did visit and keep in touch with her. Apparently, neither Theresa nor her parents made demand for support from Danny.
Danny sought and obtained legal custody of Brandy on June 23, 1981, with broad visitation rights being granted to the Harrises. After obtaining custody, Danny purchased many clothes for Brandy and secured hospitalization and burial insurance for her. He has paid her medical bills and continues to contribute to his parents' household expenses for himself and Brandy.
The Harrises were ordered in the June judgment to transfer social security benefits received by them for Brandy to the Bank of Coushatta to set up an account to be used for her college education. The court minutes indicate that Danny was told to legitimate the child, but this provision was not included in the final judgment. In any event, he did execute an act of legitimation on September 4, 1981, a little more than two months after the judgment and three months before the present litigation.
On December 1, 1981, Danny filed a Rule to Show Cause why the Harrises had not yet transferred the money to the Bank of Coushatta as directed in the June 23 judgment. The Harrises responded by bringing a Rule for Change of Child Custody, Child Support, Contempt and Attorneys' Fees. The charge of contempt was based on a belief that Danny had not yet legitimated Brandy, a belief that was incorrect. The grounds alleged for the change of custody were:
1. Danny is absent most of the time offshore;
2. Danny had no fixed place of residence;
3. Danny neglected Brandy's health and medical needs; and
4. Danny is morally unfit.
*1301 Apparently the charges of neglect have been abandoned as all parties admit that Brandy is as well-cared for in the Long home as in the Harris home. The charge of moral unfitness was not relied on by the judge in his reasons for judgment and is basically unsupported by the record. The most damaging testimony about Danny was that he occasionally spends the night with his fiancee at a motel and sometimes goes to a bar. The Harrises testified that they had seen Danny drunk but not in Brandy's presence and not since he has had her in his custody. Danny's fiancee frequently stays with his sister, Dawn, who will not allow them to stay together at her home. Danny gave this as his main reason for occasionally staying at motels.
After a hearing on December 22, 1981, the trial judge decided to return custody of Brandy to the Harrises. The basis for the decision was that Danny is unfit because he had not assumed the primary responsibility for raising his daughter and he does not have a permanent residence. The trial court took the position that those with custody of Brandy would have custody and control of the social security benefits also and did not pass on Danny's Rule to Show Cause regarding these benefits. The failure of the trial court to rule on this matter is not assigned as error and, in the brief filed in his behalf, Danny states he "is not interested in correction of that error, so long as the social security payments ultimately inure to the benefit of his daughter." Therefore, the issue is not before us in this appeal.
Danny has always lived with his parents, Earl and Sadie Long, and he took Brandy there with him when he obtained custody. He works offshore, 28 days on and 14 off. It is not completely clear from the court's reasons for judgment, but it appears that this work schedule highly influenced the decision. During the day when Danny is working, Brandy stays with Dawn Manshack, Danny's sister, because the Longs both work. Dawn's home is within walking distance of the Longs' home. The Harrises work also, but there was no evidence as to who kept Brandy during the day while they had custody. All parties agree that the Harrises, the Longs, and Dawn have homes more than adequate for Brandy's needs. Therefore, the sole issue before us is whether Danny is a fit father, as this was the trial court's basis for granting custody to the Harrises.
The determinative rule governing custody disputes between parents and non-parents is set out in Wood v. Beard, 290 So.2d 675 (La.1974). This case recognizes the paramount right of a parent to have custody of his child unless he is unfit, incapable of providing a home, or has forfeited parental rights. There are numerous cases applying the rule of Wood each with a different fact situation. In the majority of cases the conflict is resolved in favor of the parent.
As pointed out by the court in Wood v. Beard, supra, the burden of proving a parent unfit is very heavy. It is our opinion that the trial court misapplied the standard set out in Wood in finding that Danny had been proved unfit.
One of the factors heavily relied on by the trial court is that Danny has not established a separate residence. Parents are not required to establish a separate residence for the child. They need only show that they are capable of providing a home. This court in Tolar v. Cunningham, 368 So.2d 1188 (La.App. 3rd Cir.1979), writ denied, 369 So.2d 710 (La.1979), found a mother was capable of providing a home for her child even though she required the assistance of her parents. Her parents were willing to provide that assistance. This seems to be Danny's position at the present time.
Another factor considered by the trial court is that Danny intended to marry Brandy's mother but did not, and now intends to marry someone else but "hasn't got around to it." Danny had no legal obligation to marry Brandy's mother or anyone else, and his failure to do so should not be used to brand him unfit. Deville v. LaGrange, 379 So.2d 37 (La.App. 3rd Cir.1980), affirmed 388 So.2d 696 (La.1980).
*1302 The major remaining factor against Danny is that he is away for long periods at work. While this may not be an ideal situation for a child, Danny should not be punished for having a job with inconvenient work times nor is this sufficient to find him unfit. He is using his income from that job to provide Brandy with all her needs and has demonstrated that she is well-taken care of in his absence.
For the foregoing reasons the December 28, 1981, judgment of the trial court is reversed.
IT IS NOW ORDERED, ADJUDGED AND DECREED that the judgment of the trial court rendered June 2, 1981, and signed June 23, 1981, which granted the care, custody and control of Brandy Wynette to Danny Joe Long, be and it is hereby reinstated.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Frank Harris and Maude Harris shall have and enjoy the same visitation privileges which were granted to them in the judgment rendered June 2, 1981, and signed June 23, 1981.
The costs of this appeal are to be paid by defendants and plaintiffs-in-rule-appellees, Frank and Maude Harris.
REVERSED AND RENDERED.