457 So.2d 282 (1984)
Karlis BERZINS, Plaintiff-Appellant,
v.
Sherry Wileman BETTS and Johnny D. Betts, Defendants-Appellees.
No. 83-911.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1984.
*283 Joseph Kutch, Leesville, for Johnny Betts.
John Skaggs, Baton Rouge, for Sherry Betts.
Don Martin, Leesville, for Karlis Berzins.
*284 Claude Leach, Jr., Leesville, for intervenors.
Before GUIDRY, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
Plaintiff, Karlis Berzins, instituted this child custody action against defendants, Sherry Wileman Betts and Johnny D. Betts, the divorced parents of the minor, Shannon Denise Betts. In a separate proceeding entitled Sherry W. Betts v. Johnny D. Betts, No. 27419, Johnny convoked a rule nisi to obtain custody of Shannon from his former wife, now missing. Additionally, the minor's maternal aunt and uncle by marriage, Mr. and Mrs. Eddie A. Tilley, intervened in the instant proceeding seeking custody of the minor. The trial judge consolidated these actions and awarded custody of Shannon to the Tilleys. Both plaintiff and Johnny D. Betts, plaintiff-in-rule in the companion case, have appealed from this custody award. Finding no manifest error or abuse of discretion in the trial court's award of custody to the Tilleys, we affirm.
In the companion case entitled Betts v. Betts, 457 So.2d 287 (La.App. 3rd Cir. 1984), a separate opinion has been rendered by us this day.

FACTS
In this highly contested custody suit, the party litigants each seek custody of Shannon Denise Betts, a female child now twelve years of age. This is a dispute between a parent and non-parents.
Shannon was born November 22, 1971, issue of the marriage between Sherry W. Betts and Johnny Betts. Their marriage resulted in divorce on March 23, 1976 and custody of Shannon was awarded to the mother, Sherry.
Sometime prior to the divorce, Sherry began living with Karlis Berzins, plaintiff herein, and continued to live with him except for two brief intervals, in open concubinage, until September 1982. During that period of time, Shannon lived with them. She continued to reside in the Berzins home until trial.
In September of 1982, Sherry Betts suddenly and mysteriously disappeared and has since failed to return. According to the various witnesses, especially the testimony of the plaintiff, Karlis Berzins, she was on a business errand for him traveling from Leesville to New Orleans when she disappeared. When she failed to return as expected, a missing person report was filed. The car which she was driving was found in Baton Rouge, Louisiana, destroyed by fire. There was no trace of Sherry at that time, nor since, and it is purely speculative to state whether she is still alive.
Following this prolonged absence, plaintiff petitioned the court for custody of Shannon. A curator was appointed to represent Sherry's custody interest and a publicized article requesting information from her and others as to her whereabouts was circulated to no avail.
Plaintiff, Karlis Berzins, was the paramour of Shannon's mother for approximately nine years following Sherry's separation from Johnny. Though unrelated to Shannon, plaintiff has provided much of the support for the child over the past nine years. During the last several months, she has been living in the Berzins home except for brief visits with relatives.
Johnny Betts, Shannon's father, has not had custody of his daughter since the rendition of his separation from Sherry in January 1975. He has, however, been allowed to visit with Shannon, and on occasion, she has visited him at his home in Lafayette. Johnny is now remarried and presently experiencing severe marital discord for which he has sought counsel.
Intervenors, Eddie Anderson Tilley and his wife Beverly Wileman Tilley, are religious missionaries presently in Norway. Mrs. Tilley is Shannon's maternal aunt. The trial court reasoned that it was in the child's best interest that she be placed in the custody of the Tilleys.
*285 Plaintiff appeals from this judgment and in a companion case consolidated with this appeal, Johnny D. Betts appeals as well.

ISSUES
The following issues are presented on appeal:
(1) Whether the trial court erred by placing the minor in the care, custody and control of interested non-parents rather than with the child's father; and,
(2) Whether the trial court properly imposed all court costs solely upon plaintiff, Karlis Berzins.

ISSUE # 1: PARENT VERSUS NON-PARENT IN CUSTODY DISPUTES
It is established in our law that a parent has paramount rights to custody of his or her child and may be deprived of such right only for compelling reasons. In order for a non-parent such as the Tilleys or Mr. Berzins to be awarded custody over Mr. Betts, the trial court must have found that an award to the parent would be detrimental to the child, and additionally, that such an award to a non-parent is required to serve the best interest of the child. LSA-C.C. article 146(B). This dual prong requirement, although overlapping and contingent, is necessary for awarding custody to a non-parent when the parent asserts the paramount parental right of custody.
LSA-C.C. article 146(B) provides:
"B. Before the court makes any order awarding custody to a person or persons other than a parent without the consent of the parents, it shall make a finding that an award of custody to a parent would be detrimental to the child and the award to a nonparent is required to serve the best interest of the child. Allegations that parental custody would be detrimental to the child, other than a statement of that ultimate fact, shall not appear in the pleadings."
We have recognized in the past that when a parent competes with a non-parent for custody, as in this case, the parent's right to custody must be upheld unless it is established by convincing proof that he or she is unfit or has forfeited these parental rights of custody by action or omission. Wood v. Beard, 290 So.2d 675 (La.1974); State in the Interest of Taylor 296 So.2d 841 (La.App. 2nd Cir.), writ refused, 299 So.2d 799 (La.1974); Girouard v. Halpin, 368 So.2d 1139 (La.App. 3rd Cir.), writ denied, 369 So.2d 1377 (La.1979); Tolar v. Cunningham, 368 So.2d 1188 (La.App. 3rd Cir.), writ refused, 369 So.2d 710 (La.1979); Paul v. Cloud, 378 So.2d 586 (La.App. 3rd Cir.1979), writ refused, 380 So.2d 101 (La. 1980); Juneau v. Bordelon, 380 So.2d 208 (La.App. 3rd Cir.1980); LaCroix v. Cook, 383 So.2d 59 (La.App. 2nd Cir.), writ denied, 384 So.2d 801 (La.1980); LaPointe v. Menard, 412 So.2d 223 (La.App. 3rd Cir. 1982).
In a very powerful and important footnote, the trial court made the following observations:
"During the trial it became evident to me that there was no controversy as between Mr. Berzins and Mr. Betts. I declared a recess and during the conference in chambers informed counsel of my suspicions that Mr. Betts was merely attempting to aid Mr. Berzins in his application based upon observations related to counsel relative to the demeanor of the parties and the manner in which the trial was progressing. I suggested that the Court should not be misled in this regard. After a brief discussion with his client, Mr. Kutch, counsel for Mr. Betts, verified that it was his client's intention to leave the child in the actual custody of Mr. Berzins in the event of succeeding in this litigation. His testimony subsequently substantially bears out that representation. I therefore regard Mr. Betts in the nature of an interposed party. The prayer of his petition would have more adequately expressed his objective if he had prayed for custody in favor of Mr. Berzins and for himself in the alternative."
After thoroughly reviewing the record, we find, as did the trial judge, that Johnny *286 Betts intended to leave the child in the Berzins home had he been awarded custody. We find that an award of custody to Johnny Betts, who would then allow the child to remain in the Berzins home, would be both detrimental to the child and contrary to her best interest.
The record amply reveals that the Berzins home is unstable and unfit for proper care and development of the child. The Berzins trailer house is located immediately next door to a lounge. Plaintiff admitted at trial that he openly kept pornographic magazines and nude statues in the home. Witnesses testified that on occasion, they would visit the minor at the Berzins trailer house and that these lewd and lascivious materials were openly displayed. Further, on one occasion, Mrs. Tilley stated that while visiting there, Mr. Berzins was dressed without a shirt and in short pants which revealed his testicles as he would move about and sit. He made no effort to conceal his person and was ambivalent to the sloppy appearance and lewd materials about the house. Mr. Berzins acknowledged that he needed to "clean up the act" at trial. He stated, that in spite of this, he loved Shannon, the minor.
Without any doubt, we find that the minor's continued residence at the Berzins home would be detrimental to her. We hold, as did the trial court, that the father, Johnny Betts, has forfeited his paramount parental rights of custody because of his desire and obvious intention to leave the child with plaintiff.
In considering the best interest of the child, the evidence convinces us that custody of this child should be placed with her maternal aunt and uncle, Reverend and Mrs. Eddie A. Tilley, intervenors. Reverend Tilley is a Pentecostal preacher and representative of missions entitled Pentecostal International in Scandinavia. He and his wife are both natives of Vernon Parish, Louisiana and claim this as their permanent residence. At the time of this trial, they were residents of Holland. They have a daughter twelve years of age who is compatible with Shannon. Reverend Tilley's annual income is $24,000 in addition to insurance coverage, travel expenses and other fringe benefits. The minor would be recognized as the Tilleys' dependent for all purposes and it appears that an award of custody to them would not pose any undue financial burden on the Tilleys.
We are impressed by the testimony of the Tilleys, as was the trial court, and are convinced that they are willing and able to provide a stable and suitable home for the minor, Shannon. It is inescapable that the best interest of Shannon is best served by placing her in the custody of the Tilleys.
In child custody cases, the trial judge is vested with a vast amount of discretion in making a determination of custody. On appellate review, great deference must be accorded to the decision of the trial court, not only because of that court's better capacity to evaluate witnesses, but also because of proper allocation of trial and appellate functions between the respective courts. Bagents v. Bagents, 419 So.2d 460 (La.1982); Bentley v. Bentley, 440 So.2d 1365 (La.App. 3rd Cir.1983), writ denied, 444 So.2d 125 (La.1984). The trial judge is in a better position to evaluate the best interest of a child from his total overview of the conduct and character of the parties. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof. Paul v. Cloud, 378 So.2d 586 (La.App. 3rd Cir. 1979), writ denied, 380 So.2d 101 (La.1980).
After extensive review of the record, and in light of the facts set forth, we are convinced that the trial judge did not abuse his discretion in awarding custody of the child to the Tilleys over the father, Johnny Betts. However, we note that this judgment is based upon the father's intent to allow the child to remain with the plaintiff, Karlis Berzins, and it is not forever conclusive. The judgment may be set aside when and if the existing conditions change to the extent that it would not be detrimental to the child, but rather in her best interest, that she be placed in the custody of the father.

*287 ISSUE # 2: TRIAL COURT COSTS
Finally, Karlis Berzins contends that he should not have been condemned to pay court costs in the trial court proceedings.
Generally, the party cast in judgment shall pay all costs of the trial. Further, the trial court has much discretion in assessing court costs. Swiftships, Inc. v. Burdin, 338 So.2d 1193 (La.App. 3rd Cir. 1976). We find no error in the trial court's assessment of costs.

DECREE
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff, Karlis Berzins, and plaintiff-in-rule in the companion case, Johnny Betts, to be divided equally.
AFFIRMED.