488 So.2d 445 (1986)
Morrel LIONS, Jr., Plaintiff-Appellee,
v.
Patsy Ann Joseph LIONS and Elijah and Rosetta Jackson, Defendants-Appellants.
No. 85-673.
Court of Appeal of Louisiana, Third Circuit.
May 14, 1986.
*446 P. Spencer Torry, Alexandria, for defendant-appellant.
DeJean, DeJean & DeJean, Robert F. DeJean, Jr., Opelousas, for plaintiff-appellee.
Before STOKER and KING, JJ., and COX, Judge Pro Temp.[*]
KING, Judge.
The issue presented by this appeal is whether or not the trial court erred in awarding custody of a minor child to the child's natural father, rather than to the child's maternal grandparents.
Pursuant to a petition filed by Morrel Lions, Jr. (hereinafter referred to as plaintiff), the trial court issued a writ of habeas corpus against Elijah and Rosetta Jackson (hereinafter sometimes referred to as defendants), ordering defendants to produce Bryan Keith Lions (hereinafter referred to as the child), plaintiff's minor son and defendants' grandson, and ordering defendants to show their authority for their custody of the child. A hearing was held, after which the trial court rendered judgment ordering defendants to deliver custody of the child to plaintiff. From this judgment, defendants have appealed. We affirm.

FACTS
Plaintiff and Shirley Jackson, defendants' daughter, were married in 1977. The child was born of this marriage. Shirley Jackson was ill throughout her marriage with plaintiff, having had heart surgery before the marriage and also shortly before she died on November 30, 1984. Shirley Jackson and the child lived in defendants' home in Alexandria, Louisiana for approximately the last five years of Shirley's life. Both plaintiff and defendants testified that Shirley and the child lived with defendants because she was unable to take care of herself, much less the child, due to her medical problems.
Plaintiff married Patsy Ann Joseph (hereinafter referred to as Patsy) on February 4, 1985, approximately two months after his first wife, Shirley, died. The child continued to live with defendants until plaintiff took him from school in Alexandria, shortly before marrying Patsy, and brought him to Opelousas. Plaintiff and the child resided in Patsy's house, together with her children, until March 12, 1985, when plaintiff left Patsy and took the child with him. Plaintiff admitted at trial that he and the child slept in his car at a rest-stop on the first night after leaving his new wife.
Defendant, Rosetta Jackson, testified that she took the child from school (apparently in Opelousas) because she received a phone call from Patsy, who was concerned about the child's welfare. Patsy Lions, plaintiff's second wife, corroborated Mrs. Jackson's testimony that she called her on the day after plaintiff left, expressing her concern about the child.
On March 22, 1985, plaintiff filed a Petition for Separation against his second wife, Patsy Lions, requesting, in addition to a separation, that defendants be ordered to deliver physical custody of the child to him. On this same day, the trial court entered an ex parte order which ordered defendants to deliver physical custody of the child to plaintiff. Defendants refused to comply with this Court order.
Pursuant to a Supplemental and Amended Petition filed by plaintiff, adding the defendants as named defendants in his suit *447 for a legal separation, a writ of habeas corpus was issued ordering defendants to produce the child before the Court and to show cause and explain why they had violated the previous ex parte court order, issued on March 22, 1985, and to show by what legal authority they had custody of the child. Defendants filed an Answer to the petition for a writ of habeas corpus, alleging that plaintiff was not a proper person to have custody of and to care for the child, and prayed that they be awarded custody of the child.
A hearing was held on the petition for the writ of habeas corpus on April 2, 1985 and the trial court rendered judgment after the hearing in favor of plaintiff and against defendants. A written judgment was signed on April 11, 1985, ordering defendants to deliver custody of the child to plaintiff no later than April 15, 1985, and further ordering that arrangements be made for the child to visit with defendants for a liberal length of time during the summer and non-school periods. From this judgment defendants have appealed, alleging that the trial court erred in awarding custody of the child to plaintiff instead of to them.

CUSTODY
Defendants argue that the trial court erred in awarding custody of the child to plaintiff in light of the following alleged facts: (1) plaintiff has not cared for or supported the child for a period in excess of three years, during which period of time the child was cared for by them; (2) plaintiff is subject to lengthy periods of irrational behavior; (3) plaintiff allowed the child to sleep in an automobile with him one night; (4) the trial court erroneously allowed and relied upon the testimony of Sarah Castille, a witness for plaintiff who testified that she would take care of the child until plaintiff obtained a place to live; and (5) plaintiff was living in a "scrubby" motel at the time of trial.
Defendants are apparently correct in their contention that plaintiff did not support the child during the period in which the child lived with them. The record indicates that if plaintiff gave defendants any money for support of the child, the amount given was very small. Also, defendants, along with Patsy Lions and Helen Marie Jackson Hudson, one of defendants' daughters, all testified that plaintiff acted very irrational at times, and displayed outbursts of anger on periodic occasions. Finally, plaintiff admitted at trial that he was currently living in a motel. However, he also testified that he made arrangements for the child to stay temporarily in a friend's home until he could obtain a trailer. Sarah Castille corroborated plaintiff's testimony by testifying that she and her husband had agreed to help plaintiff by taking care of the child until plaintiff could obtain a trailer in which to live.
LSA-C.C. Art. 146(B) provides:
"Before the court makes any order awarding custody to a person or persons other than a parent without the consent of the parents, it shall make a finding that an award of custody to a parent would be detrimental to the child and the award to a nonparent is required to serve the best interest of the child. Allegations that parental custody would be detrimental to the child, other than a statement of that ultimate fact, shall not appear in the pleadings."
Article 146 contains a dual-pronged requirement which must be met before a natural parent is denied custody of his or her child and the child placed in the custody of a nonparent; the trial court must determine that an award of custody to the parent would be detrimental to the child and that the award to a nonparent is required to serve the best interests of the child. Berzins v. Betts, 457 So.2d 282 (La.App. 3rd Cir.1984); Boyett v. Boyett, 448 So.2d 819 (La.App. 2nd Cir.1984).
In child custody cases, the trial judge is vested with a vast amount of discretion in making a determination of custody. Bagents v. Bagents, 419 So.2d 460 (La.1982); Berzins v. Betts, supra. A trial judge's decision in child custody cases will not be overturned in the absence of a clear showing *448 of abuse. Berzins v. Betts, supra; Warner v. Warner, 476 So.2d 1053 (La. App. 3rd Cir.1985), writ den., 479 So.2d 362 (La.1985).
In this case, the trial judge stated:
"While it is obvious that Mr. and Mrs. Jackson have loved and cared for this child for many years, under our law I think that the decision must be in favor of the father, the Writ of Habeas Corpus will be made peremptory."
The record reflects that plaintiff has been working steadily for three years as a supervisor in a bakery shop. The record also indicates that plaintiff visited the child frequently while the child lived in defendants' home. Additionally, the record is void of any evidence, nor do defendants claim, that plaintiff has ever physically abused the child. Although the record does indicate that plaintiff has room for improvement in his relationship with and responsibility for the child, we find that the trial judge did not abuse his discretion in ordering defendants to deliver custody of the child to plaintiff.
We note that defendants have included in their appellate brief "new information" which they contend was not made available to the trial judge because the trial judge did not feel he had continuing jurisdiction over the matter since the case had already been appealed. Obviously, there is nothing in the record for this court to consider in regard to such information as an appellate brief is not the proper method for introducing post-trial evidence. For this reason we have not considered this "new information" in reaching our decision.
For the foregoing reasons, the judgment of the trial court is affirmed at defendants-appellants' costs.
AFFIRMED.
NOTES
[*] Judge Ronald D. Cox of the Fifteenth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court.