JJLUCIEN C. BERTRAND, Jr., Judge Pro Tem.
Plaintiff, Evon Lewis Gray, instituted this child custody action against Alvin Middleton, father of the minor child, Alonzo Middleton. The trial court awarded custody to the plaintiff, the child’s maternal aunt, and defendant appeals. We affirm.
Alonzo Middleton was born on December 7, 1988 to Gloria Lewis and Alvin Middleton. In April of 1989 Gloria and Alvin were married, but later that year they separated. Gloria had custody of Alonzo and Alvin paid child support. After the ^separation, Gloria and her children lived with her sister, Evon Gray, plaintiff herein. Gloria and Alvin were in the process of obtaining a divorce when Gloria was killed in an automobile accident in August of 1993. Alonzo and his two half brothers were injured in the accident and were hospitalized in Shreveport as a result of their injuries. After a ten day hospitalization, Alonzo was discharged. Gray had obtained a temporary restraining order which ordered the hospital to release Alonzo into her care. Three weeks later, Gray petitioned the court for permanent custody of Alonzo.
At the custody hearing, Gray alleged that Middleton was unfit to care for Alonzo because he has shown little interest in the child, both before the mother’s death and during the child’s hospitalization, and because he is living with a woman to whom he is not married. Middleton testified as to his love for the child and his past interest in and support of the child. He testified that he visited Alonzo in the hospital several times while not at work at his job in Natchitoches. He acknowledged that Gray and her family members took care of Alonzo and his half brothers during their hospitalization. Middleton also testified that he is engaged to be married to the woman with whom he is living.
In awarding custody to Gray, the trial court cited the governing codal provision, La.C.C. Art. 131, and found that parental custody would be detrimental to Alonzo. The trial judge based this conclusion on the findings that Middleton has not supported Alonzo “in the manner in which our law intends” and his cohabitation with a woman who is not his wife. The trial judge also found that separating Alonzo from his two half brothers would be very detrimental.
We have reviewed the record and agree with the trial judge that Middleton’s present *655 living arrangements preclude an award of custody in his favor. Louisiana jurisprudence consistently looks with disfavor upon a parent’s cohabitation without 13benefit of marriage. See Gordy v. Langner, 502 So.2d 583 (La.App. 3rd Cir.), writ denied, 503 So.2d 494 (La.1987). We decline to deviate from this long standing jurisprudential rule in this instance.
Further, our review of the record does not reveal any manifest error in the trial judge’s factual findings as to Middleton’s interest in and support of Alonzo. These findings are based on credibility determinations and áre entitled to great deference because of the trial judge’s better capacity to evaluate witnesses and assess the best interests of the child. Berzins v. Betts, 457 So.2d 282 (La.App. 3rd Cir.1984).
Accordingly, we conclude that the trial judge did not abuse his discretion in awarding custody of Alonzo to his maternal aunt. However, we note, as did the court in Ber-zins, that this judgment is not forever conclusive and may be set aside when and if existing conditions change so that Alonzo’s best interests would be served by placing him in his father’s custody.
For the foregoing reasons, the judgment of the trial court is affirmed at defendant’s costs.
AFFIRMED.