494 So.2d 572 (1986)
Jarvis DUBOIS
v.
Shirley Jane DARTEZ.
No. 85-195.
Court of Appeal of Louisiana, Third Circuit.
September 23, 1986.
*573 Theall & Fontana, Anthony Fontana, Jr., Abbeville, for defendant-appellant.
J.N. Prather, Lafayette, for plaintiff-appellee.
Before GAUDIN, CHEHARDY and BOWES, JJ., Pro Tem.
H. CHARLES GAUDIN, Judge Pro Tem.
Shirley Jane Dartez, now married to Owen Badon, Jr., filed a rule in the 15th Judicial District Court seeking custody of her two minor children. Previously, on February 17, 1982, she had consented to a transfer of custody to Mr. and Mrs. Avery Dubois, the paternal grandparents.
Following a two-day hearing, the trial judge denied Mrs. Dartez's request, finding "... that it is in the best interest of the children that they remain in the custody of the grandparents ..." For the following reasons, we affirm this judgment, which is dated September 24, 1984.
In his assigned reasons for judgment, the trial judge noted:
"The mother testified that, at the time she agreed to change the custody to the grandparents, she was unable to properly care for the children. She was not married at that time, did not have the financial ability to provide all the things the children would want or need, and her life was `unsettled' in general. The grandparents had the financial ability to properly care for the children, and also the stability necessary to provide a sound environment in which to raise children. Thus, considering all these circumstances, the mother agreed to transfer the custody to the grandparents."
There has been no present showing that the children have not benefited from being in the custody of Mr. Dubois, now 61 years of age, and his wife. The trial judge said:
"To the contrary, the children are apparently very happy and well-adjusted. They are doing well in school, and also enjoying many extra-curricular activities. It is very clear that the grandparents love the children and are providing them with a stable environment, most conducive to enabling the children to grow into well-adjusted adults. The Court is very reluctant to root-up these children and place them into an untested environment which is very similar to that which resulted in the mother surrendering custody to the grandparents in the first place."
We are not unmindful of LaPointe v. Menard, 412 So.2d 223 (La.App. 3rd Cir. 1982), and Batiste v. Guillory, 479 So.2d 1044 (La.App. 3rd Cir.1985), two Third Circuit cases favoring the natural parent over grandparents in custody cases. However, in both of these matters the parent seeking custody emerged as stable and as able to provide a healthy physical and emotional setting for minor children.
Here, the trial judge did not find Mrs. Badon's current environs and lifestyle conducive to the best interests of the two children. The trial judge pointed out that Mrs. Badon is not working, being disabled due to injuries sustained in an automobile accident, and that "... the family income is probably lower now that it was at the time the mother surrendered custody ..."
The record suggests additional reasons for the trial judge's refusal to change custody, but we see no reason to dwell further on Mrs. Badon's present (but perhaps correctable) personal and environmental imperfections. It suffices to say that the trial judge in custody cases has broad discretion and his findings should not be disturbed on appeal unless clearly wrong.
*574 While we affirm the September 24, 1984 judgment adverse to Mrs. Badon, we note this inaccuracy in the trial judge's reasons. Citing Wood v. Beard, 290 So.2d 675 (La. 1974), he said:
"The Court holds that the actions of the mother in joining in the petition for `voluntary petition for custody' amount to a forfeiture of parental rights, as it is clearly stated in the judgment that the grandparents were being granted the permanent custody of the two children. By joining in this petition, the mother knowingly allowed the grandparents to have custody of her two children permanently."
We do not agree that Wood forever bars a parent from again seeking custody once it is lost or forfeited. In LaPointe v. Menard, supra, the mother, whose previous conduct was morally outrageous and who had unsuccessfully sought several prior times to regain custody of her child, finally succeeded. The Third Circuit stated:
"As we understand the thrust of defendants' argument they contend that plaintiff has forfeited her parental right to custody by reason of her past conduct which resulted in two prior decisions which found her to be an unfit parent. From this premise they argue that the trial court should have simply considered the matter from the standpoint of `best interest of the child' as between the competing parties.
"We do not agree that a parent forfeits forever the parental right to custody of his or her child by reason of the fact that at one time or another he or she has been declared morally or otherwise unfit for custody. Even as between competing parents, the cases are legion which have awarded custody to a parent once denied that right because of his or her prior lifestyle. Even more so should this same result obtain in custody contests between parents and non-parents."
True, the mother in LaPointe was judicially declared unfit and did not voluntarily join in the transfer of custody, but we find this difference of no procedural consequence regarding the parent's future attempts to reacquire custody once circumstances allegedly change. We are unaware of any jurisprudential or statutory bar.
In this case, it may be to the mother's credit that at one point in time she recognized her own shortcomings and allowed her children to be reared by willing and capable grandparents.
Mrs. Badon is to bear all costs of this appeal.
AFFIRMED.