497 So.2d 1084 (1986)
In re CUSTODY OF Richard Clayton REED.
No. C-6678.
Court of Appeal of Louisiana, Fourth Circuit.
November 19, 1986.
Writ Denied December 11, 1986.
*1085 Terence L. Hauver, Edith H. Morris, Sessions, Fishmann, Rosenson, Boisfontaine, Mathan & Winn, New Orleans, for relator.
Mark A. Moreau, Ruben J. Bailey, New Orleans, Ellis B. Murov, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, for respondent.
Before BARRY, BYRNES and LOBRANO, JJ.
BYRNES, Judge.
This child custody dispute between the biological mother and the non-parental parties having actual custody involves a lengthy and bitter history of litigation.
The court is now faced with the unique issue of a 2 year old child being raised from birth by non-parents who received custody by virtue of a notarial act of surrender which was not made in conformity with R.S. 9:422.6 and 422.7. The issue is further complicated by the fact that the biological mother sought return of custody almost immediately after birth and has continuously litigated the issue. After extensive hearings, the trial court determined that the biological mother was not unfit (although he obviously viewed the non-parents as more fit) and returned custody of her child to her.
The concerns which guided the court's ultimate decision to give the child back to its mother (Angela) were expressed as follows:
This court's overwhelming fear is the public policy that this Court would be establishing should custody not be returned to Angela. In essence, if custody is not returned to Angela, this Court would be saying to the people of this country that if you can obtain a written custody agreement over a child and then by means of delays built into the judicial process hold on to the child for a period of time, you can bootstrap yourself into the position of being allowed to retain custody because such is in the best interest of the child. Such cannot be the law unless a party can establish that custody *1086 by the natural parent is absolutely detrimental to the child (e.g., the natural parent is a drug addict, a child abuser, a multiple convicted felon, etc.) In the case before the Court such has not been proven to a legal certainty.
Angela gave custody of Clay to the Reeds by written document. She retained the right to revoke that custody agreement and she did so promptly after Clay's birth. She promptly and continuously within her financial and mental capabilities sought by legal means the return of her child. Although this court finds that the long term best interest of Clay is that he remain with the Reeds because they will educationalwise, financially and emotionally better be able to care for Clay, as a matter of law Angela is entitled to the custody of her child.
We agree. In reviewing this decision we first note that this case is not controlled by C.C. Art. 146 as relators would have us hold. The clear wording of the article seems to restrict its application to situation in which two parents are both seeking custody of their child. This is not the case here. However, the provisions of Section B of Article 146, relative to the circumstances under which an award of custody to a non-parent might be appropriate are nonetheless helpful in deciding the present case.
Under C.C. Art. 146 B:
"B. Before the court makes any order awarding custody to a person or persons other than a parent without the consent of the parents, it shall make a finding that an award of custody to a parent would be detrimental to the child and the award to a non-parent is required to serve the best interest of the child."
Although the trial court appears to have been correct in finding that the short term effect of returning custody to the biological mother would be detrimental to the child, it was also appropriate and necessary for the court to consider the rights of the biological mother under the facts and circumstances of the instant case. She "surrendered" custody at birth, but shortly thereafter she revoked that surrender. Had the child been returned at that time, there would have been no detrimental effect. However, the non-parent custodians have pursued their claim to custody through the courts, thus creating the emotional situation that exists today.
Can we say that a biological parent who "loses" custody at birth by virtue of a defective act of surrender and almost immediately thereafter seeks return of her child forfeits her rights as a true parent to rear her child simply because judicial delays, brought about primarily by the non-parents, result in the passage of sufficient time for an emotional bond to form between the child and the non-parents. We think not, especially where, as here, the biological parent has been found capable of rearing her child. The "best interests of the child" must be cautiously weighed against the rights of the parent. It may certainly be in the best interest of many children if they were reared in homes other than that of their parents, but that test, standing alone cannot be used to deprive a mother of the custody of her child.
This decision is difficult. However, given the facts and circumstances presented in this case, we cannot say the trial judge reached the wrong conclusion.
For the foregoing reasons the ruling of the trial court is upheld. However, we find it appropriate to extend the stay of all proceedings in this matter until 5:00 p.m. on Friday, November 21, 1986 in order to allow an application for review of this ruling to be made in the Supreme Court.
BARRY, J., dissents with reasons.
BARRY, Judge, dissents.
The considered opinion of the trial judge is that the child's best interests would be for him to remain in the custody of the Reeds. I agree.
I disagree with the majority that "the best interests of the child should be cautiously weighed against the rights of the parent." The child's best interests are paramount and should be our primary consideration. See Bergeron v. Bergeron, 492 *1087 So.2d 1193 (La.1986). That determination should be based on a preponderance of the evidence, not by clear and convincing proof.
I would not disturb what has proven to be a most beneficial environment for the child.