PLOTKIN, Judge.
This is a custody suit between non-parents.
Lillie Love instituted a writ of habeas corpus to gain custody of De’Sha Denise Love, her granddaughter. She now appeals the trial court judgment granting custody of the minor to appellees Deborah and Hilton Nicholson.
Cheronda Love gave birth to De’Sha on June 24, 1986.[1] Cheronda was then fourteen years old and living with her mother’s friend, Valerie Johnson. Lillie Love, Cher-onda’s mother, was involved with caring for her own mother, Lillie Johnson who was in Charity Hospital, and with her own financial problems in June of 1986, the time of De’Sha’s birth.
Valerie Johnson knew that the Nichol-sons wanted to adopt and she approached them about taking Cheronda’s child prior to its birth. The Nicholsons claim that they discussed adoption; the Loves maintain that adoption was not mentioned. Cheron-da Love testified at trial that she knew the Nicholsons thought they were adopting De’Sha but that she always intended to take the child back when it was convenient.
When Cheronda Love was released from Charity Hospital after childbirth, she, her mother Lillie, and Debbie Nicholson went to Valerie Johnson’s house. Debbie Nicholson named the child and took physical custody of her. The Nicholsons have maintained custody continually since June, 1986. The only time that Cheronda has seen De’Sha since the child’s birth is one occasion when the Nicholsons and Loves met accidently at a food fair. Lillie and Cher-onda claim that they have telephoned a few times in the eleven months the Nicholsons had De’Sha prior to trial and Lillie sent the child a Christmas gift.
There was testimony at trial that Lillie Love moved to gain custody of her granddaughter only after Lillie’s mother became aware of the child’s existence and contacted an attorney about custody.
Lillie Love claims that she is better able to handle the financial burden of the baby now than she was in June of 1986. Yet when she testified as to her earnings now and then, she admitted she earns only $30 more per month than she did in 1986. Cheronda also claims that she can take care of the child now. At the time of the trial she was a sixteen year old high school sophomore and was applying for work after school.
*17 Appellees argue that the fact that they purchased $300.00 worth of clothing for Cheronda after the baby was born proves that they intended to adopt. They also point out that they approached an attorney to begin adoption proceedings as soon as they got the baby. They were erroneously informed that they had to wait a year before beginning the adoption process.
Based on the credibility of the witnesses, the trial court found that Cheronda Love with the consent of her mother, Lillie Love, intended permanently to surrender De’Sha Denise Love when she offered the child to the Nicholsons for adoption. The court also stated that the Nicholsons were the only parents De’Sha had ever known and that the child should remain with them.
The appellant argues that the trial court erred in awarding child custody to a non-parent based solely on the best interest of the child when there was no evidence that the natural parent was unfit or had forfeited her parental rights or that custody with the parent would be detrimental. Appellant cites La.C.C. art. 146(B) as amended by Act 307 of 1982 for authority. Initially, we must point out that C.C. art. 146 does not control this case because that article applies to custody disputes between parents and the custody dispute here is between two non-parents, i.e., the maternal grandmother and the prospective adoptive parents. In re Custody of Reed, 497 So.2d 1084 (La.App. 4th Cir.1986). Moreover, Lillie Love brought this action herself, not on behalf of her daughter, the biological mother, and therefore the presumption in favor of the natural parent does not apply.
The trial court in the instant case correctly determined the disposition of custody by considering the best interest of the child. Gordy v. Langner, 502 So.2d 583 (La.App. 3d Cir.1987). At the time of trial Lillie Love was the sole support of Cheronda and her brother; Cheronda was finishing her sophomore year of high school and planning to get a job after school. Lillie Love’s financial situation had not changed significantly since June of 1986 when she decided to give De’Sha to the Nicholsons because she could not afford to care for the child. De’Sha has lived with the Nicholsons her entire life. They have given her a traditional, stable home. Mrs. Nicholson has stayed at home to care for the child and Mr. Nicholson has a steady job. They have provided financial and emotional stability for De’Sha.
After a reviewing the record, we find no abuse of the trial court’s discretion in the decision to award custody of the child to the appellees. Bagents v. Bagents, 419 So.2d 460 (La.1982). For reasons given above, the judgment of the trial court is affirmed.
AFFIRMED.

. Cheronda’s name is also spelled Sheronda and Sherhonda.