KING, Judge.
The issue presented by this appeal is whether the trial court erred in awarding legal custody of a minor child to a non-parent rather than to the child’s natural parent.
Lovelace J. Primeaux (hereinafter plaintiff) filed suit to have himself appointed as Tutor of his minor son, Nicholas Ainsley Primeaux (hereinafter Nicholas), and to remove Billie C. Petty (hereinafter defendant) as Nicholas’ Provisional Tutrix. Previously, defendant had been appointed as Provisional Tutrix for Nicholas. Plaintiff also filed a Petition Of Habeas Corpus. The trial court ordered that the rule for habeas corpus and the rule for removal of the Provisional Tutrix be dismissed without prejudice to plaintiff’s right to reurge the claims at a later date. The court granted liberal visitation privileges to plaintiff and further ordered that the Department of Health and Human Resources (hereinafter DHHR) should conduct a home study of both the homes of plaintiff and defendant to determine their fitness for providing a home for Nicholas.
On April 22, 1988, plaintiff again filed a Petition For Removal Of Provisional Tutrix And For Appointment Of Natural Tutor. A trial on the merits was held on the matter on June 30, 1988. On July 5, 1988, the trial judge rendered written reasons for judgment and granted custody of Nicholas to defendant and gave plaintiff liberal visi *545 tation privileges with Nicholas. A formal written judgment was signed by the trial judge on July 21, 1988.
Plaintiff filed a Motion For New Trial which was denied by the trial court. Plaintiff then applied for a supervisory writ to this Court which was denied for the reason that plaintiff had an adequate remedy by appeal. Tutorship of Nicholas Ainsley Pri-meaux v. Billie C. Petty, an unreported writ decision bearing Number W88-834 on the Docket of this Court rendered August 10, 1988. Plaintiff then timely appealed the trial court’s judgment granting custody of his minor son to defendant. We reverse and render judgment.
FACTS
Nicholas was born in February, 1978 of the marriage of plaintiff and Denise Odile Arceneaux Primeaux (hereinafter Denise). Plaintiff and Denise were granted a judgment of separation and were subsequently granted a judgment of divorce. Denise was granted custody of Nicholas, but plaintiff was awarded visitation privileges with Nicholas. Plaintiff testified that he exercised his visitation privileges with Nicholas until approximately 1984 when Denise stopped his visitation and made unreasonable demands that visitation could only be conducted at Denise’s home out of the presence of plaintiff’s second wife. For this reason, plaintiff was unable to exercise his visitation privileges with his son.
On August 14, 1987, Denise died and defendant, who was Denise’s niece and Nicholas’ first cousin, took Nicholas to live with her family in their home in Lake Charles, Louisiana. Neither defendant nor the rest of Denise’s family made an effort to contact plaintiff, and, thus, plaintiff did not learn of Denise’s death until after Nicholas had been placed in defendant’s household and defendant had been appointed the child’s Provisional Tutrix. When Billie C. Petty petitioned for and was appointed Provisional Tutrix of Nicholas, no attempt was made to notify plaintiff of the proceeding. Plaintiff testified that when he found out about Denise’s death and his son’s whereabouts, he tried to see Nicholas, but was prevented from doing so by defendant. Plaintiff subsequently filed a Petition Of Habeas Corpus and a Petition For Removal Of Provisional Tutrix And For Appointment Of Natural Tutor on September 16, 1987. After a hearing on November 9, 1987, the trial court rendered judgment ordering that the rule for habeas corpus and the rule for removal of the provisional tutrix were to be withdrawn without prejudice to mover’s rights to reurge them at a later date. At that time, the trial court granted liberal visitation privileges to plaintiff with Nicholas every other weekend from October 23, 1987, through January 17, 1988, and every weekend from January 22, 1988, through April 24, 1988, and ordered that plaintiff and defendant were to agree on visitation privileges for the Thanksgiving and Christmas holidays; that plaintiff and Nicholas were to be allowed unrestricted telephone visitation at any reasonable time; that plaintiff and defendant maintain contact and share information regarding Nicholas’ school activities, and that the DHHR conduct a home study of the homes of plaintiff and defendant to determine their fitness for providing a home for Nicholas. On April 7, 1988, the DHHR returned the home study conducted of both the homes of plaintiff and defendant. The agency found both homes to be adequate and found either home to be suitable for the placement of Nicholas.
On April 22, 1988, plaintiff again filed a Petition For Removal Of Provisional Tutrix And For Appointment Of Natural Tutor. The trial judge entered an ex parte order on May 16, 1988, extending plaintiff’s previously granted visitation privileges with Nicholas. A trial on the merits was held on June 30,1988. On July 5, 1988, the trial judge rendered written reasons for judgment and granted custody of Nicholas to defendant reasoning that “it would be detrimental to the child’s development to force him from a home in which he is comfortable and adjusting and into a home with his father with whom he did not establish close ties during his recent formative years.” The trial judge granted plaintiff liberal visitation with Nicholas. A formal *546 written judgment was signed by the trial judge on July 21, 1988.
Plaintiff filed a Motion For New Trial which was denied by the trial court. Plaintiff then applied for supervisory writs on the matter to this Court which was denied for the reason that plaintiff had an adequate remedy by appeal. Plaintiff then timely appealed the trial court judgment claiming that the trial court erred in granting custody of Nicholas to defendant by wrongfully awarding custody to a non-parent over a parent. We reverse and render judgment.
LAW
Plaintiff argues that the trial court erred in granting custody of Nicholas to defendant by not correctly applying the standards, set forth in La.C.C. Art. 146(B), that should be considered by the Court before awarding custody to a non-parent over a parent.
La.C.C. Art. 146(B) states that:
“Before the court makes any order awarding custody to a person or persons other than a parent without the consent of the parents, it shall make a finding that an award of custody to a parent would be detrimental to the child and the award to a nonparent is required to serve the best interest of the child. Allegations that parental custody would be detrimental to the child, other than a statement of that ultimate fact, shall not appear in the pleadings.”
Article 146 contains a dual-pronged requirement which must be met before a parent is denied custody of his child and the child is placed in the custody of a non-parent; the trial court must determine that an award of custody to the parent would be detrimental to the child and that the award of custody to a non-parent is required to serve the best interests of the child. Love v. Love, 536 So.2d 1278 (La.App. 3 Cir.1988), and cases cited therein.
Plaintiff, contends that nowhere in the record was any evidence presented that he is an unfit parent and that the awarding of custody to him would be detrimental to Nicholas and that the awarding of custody to defendant is required to serve the best interest of Nicholas. After reviewing the home study reports submitted by the DHHR, the trial judge observed:
“There are two things in the reports that are important. Both parties came out very well in the reports. They’re both good families, good people.”
It is well settled in our jurisprudence that in a custody contest between a natural parent and a non-parent, the parent enjoy a paramount right to custody of the child as against a non-parent. Only where “compelling reasons” have been proven by the non-parent should the natural parent be deprived of custody. Love v. Love, supra; Guidry v. Guidry, 441 So.2d 384 (La.App. 5 Cir.1983). The statutory term “detrimental to the child” includes circumstances that would cause the child to suffer positive and substantial harm. Merritt v. Merritt, 550 So.2d 882 (La.App. 2 Cir.1989). This court has previously ruled that a strict standard of proof is required before depriving a natural parent of the custody of his child because of the paramount importance and uniqueness inherent in a parent-child relationship. Love v. Love, supra. In Love, this court stated that a non-parent’s burden of proof in a case such as this goes beyond a mere affirmative finding that the best interest of the child would be served by placing custody in the non-parent.
Nowhere in the record is there any evidence that plaintiff is an unfit parent and that awarding him custody of Nicholas would be detrimental to the child and that the giving of custody to defendant is required to serve the best interest of the child. Plaintiff was found to be a fit parent and to have a good home, adequate income, and a desire to take care of and grow closer to his son.
Defendant argues that it would be detrimental to remove Nicholas from her care. Defendant contends that Nicholas has known no other family than hers, and thus, it would be in Nicholas’ best interest for him to remain in defendant’s custody.
We disagree. The record reflects that plaintiff has exercised his visitation privi *547 leges throughout Nicholas’ life with the exceptions of the time he was prevented from seeing Nicholas by Denise and her family. The trial judge further noted that plaintiff had not, by his failure to visit his child because of Denise’s conduct, forfeited or abandoned his right to his child. The trial judge recognized that the fact plaintiff had not seen his child for the four years prior to his mother’s death was because of the main and overwhelming fault of Denise. Plaintiff and Nicholas had developed a relationship with each other during their visits. The trial judge commented on Nicholas’ relationship to plaintiff by stating:
“I believe that he’s close to you. As a matter of fact, I see from the confidential report that the boy wants to see you and he wants to be with you. There’s no problem about that. He loves you, he trusts you.”
It is clear that Denise’s family was not the only family that Nicholas has known. While Nicholas had lived with his mother until her death, he had only lived with defendant for a very short period of time prior to the beginning of this litigation.
We find that the trial judge improperly gave greater weight to the desires of the ten-year-old child, who had then been with defendant for only a short period of time, who said he preferred to live with defendant, rather than following the statutorily set standards for granting custody to a non-parent over a parent as set forth in La.C.C. Art. 146(B). Furthermore, we do not agree with the trial court’s finding of fact that it would be detrimental for plaintiff to have custody of Nicholas. The trial court’s only basis for this finding is that it would be detrimental to Nicholas’ development to force him from a home in which he is comfortable and into a home with his father with whom he did not have close ties during recent years. Such a finding of fact is manifestly in error and clearly wrong.
Therefore, we do not find that defendant, as the non-parent, has met her burden of proving that it would be detrimental to Nicholas for custody of the child to be granted to plaintiff and that such grant of custody to her is required for the best interest of the child. For these reasons, we reverse the trial court’s judgment and grant custody of Nicholas to plaintiff.
The judgment of the trial court is reversed, vacated, and set aside. Judgment is rendered appointing plaintiff as Natural Tutor of Nicholas Ainsley Primeaux and granting the sole permanent care, custody, and control of the minor child to his father, Lovelace J. Primeaux, plaintiff-appellant. All costs of the trial and appellate courts are assessed against defendant-appellee.
REVERSED AND RENDERED.