602 So.2d 212 (1992)
In the Matter of Robin Ann STEWART and Lauren Nicole Figeruero.
No. 91-1423.
Court of Appeal of Louisiana, Third Circuit.
June 24, 1992.
*213 James E. Calhoun, Natchitoches, for appellant.
Nina C. Coleman, Leo Paul Stewart, Natchitoches, for appellee.
Before GUIDRY, YELVERTON and COREIL[*], JJ.
YELVERTON, Judge.
This is a dispute between the mother of two children and their paternal grandmother over their custody. On the appeal of the mother, we reverse the award of custody to the grandmother.
Annie Parks, the paternal grandmother of the minors Robin Ann Stewart, born May 20, 1986, and Lauren Nicole Figeruero, born January 2, 1988, sued for custody of the two children. The suit was filed August 12, 1991. She alleged that she presently had actual custody of the children, that the natural father, Leo Paul Stewart, consented to her having custody, and that the mother, Michelle Figeruero, was an absentee living in Dallas, Texas. The father's affidavit of consent was attached to the petition.
The mother vigorously opposed the grandmother's petition for custody. On the day of the hearing, the trial court heard and overruled an exception of no cause of action filed by the mother. The petition in the case contained an allegation that it would be in the best interests of the minors that their custody be awarded to Annie Parks. The petition did not contain an allegation that parental custody would be detrimental to the children, nor did it contain a statement of that ultimate fact. The mother filed the exception of no cause of action based on La.C.C. art. 131B, which reads:
B. Before the court makes any order awarding custody to a person or persons other than a parent without the consent of the parents, it shall make a finding that an award of custody to a parent would be detrimental to the child and the award to a nonparent is required to serve the best interest of the child. Allegations that parental custody would be detrimental to the child, other than a statement of that ultimate fact, shall not appear in the pleadings.
The trial court overruled the exception, then conducted a custody hearing.
At the conclusion of the hearing, the trial court found that either joint custody to both parents or sole custody to either parent would be detrimental to the children, and that the award of custody to a non-parent, Ms. Parks, was required to serve the best interests of the children. The trial court gave no further reasons for making these findings of fact.
*214 The mother, Michelle Figeruero, appealed. She complains of the overruling of her exception of no cause of action, as well as the ruling granting custody to the grandmother. We find it unnecessary to review the ruling regarding the exception of no cause of action, as we find that the award of custody to the grandmother was clearly wrong.
Our jurisprudence tells us that in a custody contest between a natural parent and a non-parent, the parent enjoys a paramount right to custody. The standard of proof required by the non-parent is a strict one; depriving a parent of the right of custody of his or her child can be done only for compelling reasons and by convincing proof that the parent is unfit or has forfeited the parental right of custody by action or omission. LaPointe v. Menard, 412 So.2d 223 (La.App. 3rd Cir.1982); Love v. Love, 536 So.2d 1278 (La.App. 3rd Cir. 1988); Tutorship of Primeaux, 574 So.2d 543 (La.App. 3rd Cir.1991).
Moreover, La.C.C. art. 131B contains a dual-pronged requirement which must be met before a parent is denied custody of his child and the child is placed in the custody of a non-parent; the trial court must determine that an award of custody to the parent would be detrimental to the child and that the award of custody to a non-parent is required to serve the best interests of the child. Tutorship of Primeaux, supra. The statutory term "detrimental to the child" includes circumstances that would cause the child to suffer positive and substantial harm. Id.
The evidence in the case is fairly simple. Michelle testified that she had been living in a trailer house with the children and Leo, their father, to whom she was not married. She moved the children with her to Texas on April 13, 1991, because she had decided to leave Leo. The children have lived with her all of their lives. The youngest, Lauren, has had an ear problem and she was taking Lauren to a doctor in Dallas for her ears. These visits were in April and May of 1991. Michelle introduced copies of medical records in evidence to prove these visitations.
On June 6, 1991, Leo went to Texas and picked up the children ostensibly for a visit with their grandmother in Natchitoches for one week. Annie Parks, the grandmother, kept them and filed suit in August for their custody, intending to enroll them in school in Natchitoches. Annie Parks testified that when the children arrived on June 6, 1991, they had mosquito bites on their legs and that they were scared and could not sleep. She testified that otherwise the children were fine, but that in July she took Lauren to an LSU medical facility for the chronic problem of her ears. She never took them to a doctor specifically for the mosquito bites. She testified that the mosquito bite problem was cleared up by home remedy treatment in about a month, and that the children's fear and sleeplessness was all right in about two months. Also, she intimated that Lauren was getting better treatment from the LSU facility than she had been getting elsewhere for her ear problem.
The only other testimony in this record having to do with circumstances showing that custody to the mother would be detrimental to the children was the testimony of Leo that Michelle had told him she had affairs with other men.
We recognize the rule that upon appellate review, the determination of a trial court in custody matters is given great weight and the court's discretion will not be disturbed on appeal absent a showing of abuse of that discretion. Dubois v. Dartez, 494 So.2d 572 (La.App. 3rd Cir. 1986). Bolding v. Bolding, 532 So.2d 1199 (La.App. 2nd Cir.1988). We have carefully examined all of the evidence in this case in the light of that standard, and we have given the appellee the benefit, as we must, of favorable determinations of conflicting evidence where such determinations must turn on credibility. We do not believe that the evidence in this case comes close to supporting compelling reasons to deprive the natural parent of custody. We cannot see how Ms. Parks has borne her strict burden of proof. The mosquito bite problem could not have been that serious. The *215 medical records show one of the children was seen by a doctor in Texas just a week before she arrived in Louisiana and no mention was made of any such problem. Ms. Parks' vague descriptions of how the children were afraid and could not sleep for two months tell us very little, and were not supported by any medical testimony. It might well be, as suggested by Ms. Parks, that the LSU medical facility can treat Lauren's ear problem more successfully than where she was taken by Michelle in Dallas, but that is not a basis for calling Michelle an unfit mother. Nor would Michelle's bare admission that she had affairs with other men prove her unfitness as a mother. These four circumstances, even in combination, fail to measure up to the proof required.
For these reasons, we must reverse, vacate and set aside the trial court's judgment granting the grandmother's petition for custody, and dismiss her suit, with costs to be paid by Annie Parks at the trial below and on this appeal. Custody of the children is ordered returned to their mother.
REVERSED AND RENDERED.
NOTES
[*] Honorable Joseph E. Coreil, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.