647 So.2d 1362 (1994)
Denise CREED, Plaintiff-Appellant,
v.
Mark CREED, Defendant-Appellee.
No. 94-268.
Court of Appeal of Louisiana, Third Circuit.
December 21, 1994.
*1363 Mark L. Talley, Jena, for Denise Creed.
Lloyd E. Hennigan Jr., Jena, for Mark Creed.
Before GUIDRY, C.J., and LaBORDE and SAUNDERS, JJ.
SAUNDERS, Judge.
Plaintiff-appellant, Denise Creed, appeals the trial court's order granting custody of her two minor children to their paternal grandparents.

FACTS
Denise Creed and Mark Creed were married on December 9, 1989. Two children were born from the marriage: Sheena Creed, presently three (3) years old, and Markus Creed, presently one (1) year old.
The couple experienced marital problems and both sides sought relief. First, Denise Creed sought help with a Petition for Protective Orders asking the trial court to issue appropriate orders to prevent Mark Creed from going near Denise or their children. *1364 Shortly thereafter, Mark Creed filed a Petition for Divorce pursuant to Louisiana Civil Code article 102 seeking a divorce and custody of their two minor children.
After a hearing on all of the evidence, the trial court on October 8, 1993, granted custody of the two children to the paternal grandparents, James Herman Creed and Delila Creed.[1] The court found that neither Denise Creed nor Mark Creed was in a position to give appropriate care, a stable home to the children, and that they would suffer substantial harm if either parent was given custody of them. The trial court reasoned that Denise Creed's lifestyle was unstable and too transient to provide an appropriate home for the children. At the same time, the trial court found that Mark Creed was not suitable to take custody of the children; he, by his own admission, had physically abused them. In view of the tremendous amount of time that the children had spent with their paternal grandparents, James Herman Creed and Delila Creed, and the loving and stable home that they had provided the children, the trial court granted them custody.
In addition, the trial court ordered Mark Creed to pay child support to his parents in the amount of $605.00 per month and $100.00 per month in alimony to his former wife, Denise Creed.

Issue Presented
Whether the trial court committed manifest error in granting custody of the plaintiff's minor children to their paternal grandparents.

Opinion
The Louisiana Civil Code provides the guidelines by which child custody is granted:
"In a proceeding for divorce or thereafter, the court shall award custody of a child in accordance with the best interest of the child." La.Civ.Code art. 131. (Emphasis added.)
"If the parents agree who is to have custody, the court shall award custody in accordance with their agreement unless the best interest of the child requires a different award."
"In the absence of agreement, or if the agreement is not in the best interest of the child, the court shall award custody to the parents jointly; however, if custody in one parent is shown by clear and convincing evidence to serve the best interest of the child, the court shall award custody to that parent." La.Civ.Code art. 132. (Emphasis added.)
"If an award of joint custody or of sole custody to either parent would result in substantial harm to the child, the court shall award custody to another person with whom the child has been living in a wholesome and stable environment, or otherwise to any other person able to provide an adequate and stable environment." La.Civ.Code art. 133. (Emphasis added.)
Generally, the Louisiana Civil Code requires that our courts look at the best interest of the child in determining custody. Only in cases where custody to the parent(s), either joint or sole, would result in substantial harm to the children shall the trial court award custody to another person or non-parent. In this case, the trial court found that substantial harm to the children would result if custody was granted to either of the parents. Additionally, the trial court found that the paternal grandparents were providing the children with a wholesome and stable environment, and accordingly, awarded custody to the paternal grandparents.
In reviewing the jurisprudence interpreting the aforementioned code articles, we note:
"Our jurisprudence tells us that in a custody contest between a natural parent and a *1365 non-parent, the parent enjoys a paramount right to custody. The standard of proof required by the non-parent is a strict one; depriving a parent of the right of custody of his or her child can be done only for compelling reasons and by convincing proof that the parent is unfit or has forfeited the parental right of custody by action or omission. LaPointe v. Menard, 412 So.2d 223 (La.App. 3rd Cir. 1982); Love v. Love, 536 So.2d 1278 (La. App. 3rd Cir.1988); Tutorship of Primeaux, 574 So.2d 543 (La.App. 3rd Cir.1991)."
In re Stewart, 602 So.2d 212, 214 (La.App. 3d Cir.1992) (Emphasis added.) "The burden of proving that the parent's custody would be detrimental or result in substantial harm to the child lies with the nonparent." Merritt v. Merritt, 550 So.2d 882, 889 (La.App. 2d Cir. 1989) (Citing Gras v. Gras, 489 So.2d 1283 (La.App. 2d Cir.1986), writ denied, 493 So.2d 1222 (La.1986)).
In sum, the party moving that someone other than the parent have custody has the burden of proving that the parent or parents are unfit and that substantial harm would result to the children. Secondly, Louisiana Civil Code article 131 (formerly La.Civ. Code art. 146) and the jurisprudence interpreting it establishes a two prong test before the trial court can grant custody to a non-parent: the trial court must find that an award of custody to the parent would be detrimental to the child or result in substantial harm and that the award of custody to a non-parent is required to serve the best interests of the child. See In re Stewart, supra; Tutorship of Primeaux, supra. Lastly, the burden is a "strict one" in which the non-parent seeking custody must show "compelling reasons by convincing proof that custody to the parent would result in substantial harm.
This court makes special note that the jurisprudence of this state in enforcing and interpreting the child custody articles has always recognized the paramount importance and uniqueness in the natural parent relationship. Tutorship of Primeaux, supra.
"The best interests of the child must be cautiously weighed against the rights of the biological parent, which it is also necessary for the court to consider. While it certainly could be in the interest of many children to be reared in homes other than that of their parents, that test standing alone cannot be used to deprive the parents of custody of their child."
Lewis v. Taylor, 554 So.2d 158, 161 (La.App. 2d Cir.1989), writ denied, 554 So.2d 1237 (1990); (Citing In re Custody of Reed, 497 So.2d 1084 (La.App. 4th Cir.1986)).
We have carefully examined all of the evidence in this case in light of our civil code and the standards established in our jurisprudence, and despite having given the appellee the benefit of favorable determinations of conflicting evidence where such determinations must turn on credibility, we find no compelling reasons to deprive the natural parent of custody. The record establishes, at most, that due to Denise Creed's present economic status[2] she has not lived for long periods of time in one place and is often relegated to staying with family and friends of whom some are living in open concubinage. There is some conflicting evidence at trial that indicated that she dates or has dated a married man, but nothing in the record indicates that she lived with that man or that her relationship with him posed a threat to the children. Finally, evidence at trial established that she left the children for numerous weekends with the children's paternal grandparents, and apparently, on one occasion, brought the children to the paternal grandparents' home allegedly unbathed and disheveled[3]. Equally clear, however, from the record is that the children, under the care of Denise Creed, were well nourished, *1366 loved, never physically abused, and were generally well cared for despite her having no financial support from the children's father. While the paternal grandparents to whom custody was granted are married and not just living together, have good jobs, apparently own their own home, and may be better able financially to care for the children, those factors standing alone cannot be used to deprive a natural parent of custody of her child. Her unfortunate economic status and arguably marginal lifestyle are not reasons enough to deny her custody of her children. On the contrary, the real issue before the court was whether custody with Denise Creed would lead to substantial harm to the children.
"We recognize the rule that upon appellate review, the determination of a trial court in custody matters is given great weight and the court's discretion will not be disturbed on appeal absent a showing of abuse of that discretion." In re Stewart, 602 So.2d at 214, citing Dubois v. Dartez, 494 So.2d 572 (La. App. 3d Cir.1986) and Bolding v. Bolding, 532 So.2d 1199 (La.App. 2d Cir.1988)); Lions v. Lions, 488 So.2d 445 (La.App. 3d Cir. 1986). While there is clear and convincing evidence supporting the trial court's ruling that substantial harm would result if custody of the children were granted to their physically abusive father,[4] we fail to see evidence to support the trial court's conclusion that granting custody to Denise Creed would result in substantial harm to the children. Accordingly, we find that the trial court erred by failing to apply the appropriate standard of proof and erred in its findings of fact that granting custody to Denise Creed would lead to substantial harm to the children. See Stobart v. State, DOTD, 617 So.2d 880 (La. 1993) (defining manifest error/clearly wrong doctrine).

Conclusion
For the foregoing reasons, the judgment of the trial court is reversed and judgment is rendered in favor of plaintiff-appellant, Denise Creed. Additionally, that portion of the judgment awarding $605.00 per month in child support to the paternal grandparents is amended and Mark Creed is ordered to make child support payments to Denise Creed. All costs of this appeal are to be paid by Mark Creed, defendant-appellee.
It is ORDERED, ADJUDGED, and DECREED, that custody of Sheena Creed and Markus Creed be granted to the plaintiff-appellant, Denise Creed.
AFFIRMED AS AMENDED IN PART; REVERSED IN PART AND RENDERED.
NOTES
[1] Nothing in the record indicates that the paternal grandparents sought custody or were even parties to the litigation. The trial court on its own motion, presumably, granted custody to the paternal grandparents.
[2] Denise Creed received little or no financial support from the children's father from the time of their separation to the date of this trial.
[3] The record indicates that the facts surrounding the episode in which the children were unclean was not clear and the dishevelled look of Sheena Creed could have been attributable to her natural curly hair.
[4] The legal or factual merits of the trial court's ruling denying Mark Creed custody was not raised on appeal.