h GREMILLION, Judge.
This is an appeal by the defendant, Andrea Mayeaux (now Hudson), from the trial court’s decision granting joint custody to a non-parent. For the following reasons, we reverse the judgment of the trial court and render.

PROCEDURAL HISTORY

At issue is the custody of Ruston James Charlie, the child of James Brady Charlie, the plaintiff, and Andrea Mayeaux born April 10, 1991. James formally acknowledged that he was the father of Ruston on March 13, 1992, and filed a petition for custody on March 25, 1992. The trial court granted joint custody with Andrea being designated the custodial parent. On December 2, 1993, James filed a rule to show cause seeking to be named the custodial parent, alleging that Andrea “willfully neglected to care for Ruston and on November 16, 1993 gave birth to another child which further prevents her from exercising the proper care of Ruston | James Charlie.” On January 4, 1994, the trial court awarded James the care, custody, and control of Ruston. In this judgment, the trial court stated that it would entertain a motion to review the custody arrangement provided that Andrea receive medical treatment for mental disorders. Andrea filed a motion to review the following August and, at the hearing on this motion, the trial court granted James’ motion for directed verdict and dismissed Andrea’s motion for review.
On April 14, 1997, James voluntarily transferred custody to his sister, Gabie Charlie Pitre. On May 23, 1997, Andrea filed a petition for domiciliary custody and to vacate the judgment which transferred custody to Gabie. Gabie filed an intervention, and the matter was heard on February 25, 1998. While the judgment from this hearing does not mention the voluntary transfer of custody to Gabie, the trial court stated in its written reasons:
No such emergency situation was alleged or existed when James Brady Charlie filed his petition to transfer custody March 24, 1997 in Civil Docket No. 58,572-A. In addition without assigning the case for trial as required by the rules of the Louisiana Code of Civil procedure and those of the 13th Judicial District Court, indeed without any hearing whatsoever, the Court in Division A arbitrarily rendered a judgment ordering the transfer on April 14, 1997 of the custody of Ruston James Charlie to Ga-bie Charlie Pitre.
While this court finds that the order transferring custody to Gabie Charlie Pitre is a nullity, the issue is whether the heavy burden of Bergeron should be applied. (Bergeron vs. Bergeron, 492 So.2d 1193).
*840 However, in the judgment, the trial court awarded joint custody to Andrea and Ga-bie based on the finding that Andrea had reformed, was in a stable relationship and home environment, and could now properly care for Ruston. The trial court designated Gabie as the domiciliary custodian until June 15, 1999, at which time Andrea would |sbe vested with domiciliary status. Andrea was also awarded liberal visitation rights. Finally, the trial court found that James abandoned and relinquished any right to custody of Ruston when he voluntarily transferred custody to Gabie. Andrea appeals from this judgment and asserts the following assignments of error:
1. The trial court erred in awarding joint custody to non-parent when the child’s mother was found to be fit and able to properly care for her child.
2. The trial court erred in delaying custodial parenthood to her until June, 1999 when the trial court found her able and fit to care for the child.
ANALYSIS
The issue raised by both assignments of error is whether a non-parent can be awarded custody of a child when a natural parent has been found to be fit and able to properly care for the child. We note that a trial court’s determination regarding child custody will not be disturbed absent a clear abuse of discretion. Hawthorne v. Hawthorne, 96-89 (La.App. 3 Cir. 5/22/96); 676 So.2d 619, writ denied, 96-1650 (La.10/25/96); 681 So.2d 365. In this case, we find that the trial court did indeed abuse its discretion in awarding joint custody to Gabie after finding that Andrea was fit and able to care for Ru-ston, a finding of fact that has not been challenged.
La.Civ.Code art. 133 provides:
If an award of joint custody or of sole custody to either parent would result in substantial harm to the child, the court shall award custody to another person with whom the child has been living in a wholesome and stable environment, or otherwise to any other person able to provide an adequate and stable environment.
|Jn order to award joint custody to a parent and a non-parent, the trial court must first conclude that substantial harm to the child would result from either an award of joint custody to the mother and father, sole custody to the mother, or sole custody to the father. See Rupert v. Swinford, 95-395 (La.App. 1 Cir. 10/6/95); 671 So.2d 502. Indeed, this court has previously commented on the favorable status afforded natural parents under the law of Louisiana:
Our jurisprudence tells us that in a custody contest between a natural parent and a non-parent, the parent enjoys a paramount right to custody. The standard of proof required by the non-parent is a strict one; depriving a parent of the right of custody of his or her child can be done only for compelling reasons and by convincing proof that the parent is unfit or has forfeited the parental right of custody by action or omission. LaPointe v. Menard, 412 So.2d 223 (La.App. 3rd Cir.1982); Love v. Love, 536 So.2d 1278 (La.App. 3rd Cir.1988); Tutorship of Primeaux, 574 So.2d 543 (La.App. 3rd Cir.1991).
In re Stewart, 602 So.2d 212, 214 (La.App. 3 Cir.1992); see also Creed v. Creed, 94-268 (La.App. 3 Cir. 12/21/94); 647 So.2d 1362. Therefore, we find that the trial court erred by awarding joint custody to Gabie, and we now award sole custody of Ruston to Andrea.
CONCLUSION
For the above reasons, the judgment of the trial court awarding joint custody of Ruston James Charlie to Andrea Mayeaux and Gabie Charlie Pitre is reversed, and sole custody is awarded to Andrea. All *841 costs of this appeal are assessed to Gabie Charlie Pitre.
REVERSED AND RENDERED.